UNITED STEELWORKERS OF AMERICA, Appellant,

v.

AMAX ALUMINUM MILL PRODUCTS, INC., Appellee.

No. 24928.

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1971.

Carl B. Frankel (argued), Pittsburgh, Pa., Michael H. Gottesman, Washington, D. C., Jerome Smith, Los Angeles, Cal., Bernard Kleiman, Chicago, Ill., for appellant.

Roy E. Potts (argued), George P. Parker, Jr., of Kindel & Anderson, Los Angeles, Cal., for appellee.

Before MERRILL, ELY, and TRASK, Circuit Judges.

ELY, Circuit Judge:

The appellant (Union) sought, under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, a judgment modifying and confirming an arbitration award rendered under a collective bargaining agreement between it and the appellee (Company). The District Court denied the motion to modify and to confirm the award and granted the Company's motion to vacate the award. The Union appeals.

Prior to April 1, 1968, the Company's Riverside, California, plant had four of its six time clocks calibrated so that an employee who clocked in between 6:54 a. m. and 7:00 a. m. would register 7.0 on his time card. At precisely 7:00 a. m., the impression registered would change to 7.1. If the employee left between 2:54 and 3:00 p. m., the card would show 15.0. The other two time clocks were calibrated such that the card of the employee checking in at the above times would register 6.9 and 14.9. By posted notice on April 1, 1968, the Company changed the four clocks to register as did the last two described. The notice also required the employees to clock in at or before the scheduled starting time and to clock out at or after the scheduled quitting time. Under the old policy, employees were permitted to clock out when relieved or released, which could be up to six minutes prior to the actual shift termination time. The result to the employees in the areas covered by the four clocks was that an employee reporting and leaving on time would show 8.1 hours rather than 8.0 hours of elapsed time on his time card. This meant that an employee must be on the company premises past the time clock between eight hours and eight hours and twelve minutes, whereas he had previously been required to be on the premises between seven hours and fifty-four minutes and eight hours and six minutes. The employees filed a grievance, claiming that the new policy on recording time within the plant violated the collective

bargaining agreement between the Company and the Union. Unable to resolve their dispute, the parties submitted the problem to an arbitrator, pursuant to provisions in the collective bargaining agreement.

The arbitrator found that

"the Company has not been paying overtime to employees whose clock hours show more than eight. I shall hold, therefore, that as the notice now stands it does violate the agreement in that it implicitly enunciates a policy that overtime will not be paid for time required to be worked under its application in excess of eight per day. I will, therefore [,] require the notice either to be withdrawn or to be amended to entitle employees whose clock hours show in excess of eight on any day to claim such time, and to provide that hours clocked in compliance with the memorandum will create a presumption of entitlement. This will apply retroactively in that any employee whose time clock recorded hours have shown in excess of eight hours by reason of compliance with the Notice may claim payment."

In arriving at this conclusion, the arbitrator looked to a portion of the collective bargaining agreement which stated that "overtime shall be paid for all hours worked in excess of eight (8) hours in any one twenty-four (24) hour period." He defined "work" as "being on Company premises on the job site side of the time clock," and he then determined that time registered on a time card was simply prima facie evidence of actual time registered and elapsed. Thus, he reasoned that the employee should receive overtime pay if the elapsed time on the card showed more than eight hours unless the Company could show that the employee worked less than that time. The Company removed the notice in question and,

under its interpretation of the arbitrator's award, refused to grant back pay. The Union, believing that the award clearly ordered back overtime pay, petitioned the court for a modification and confirmation of the award. In its answer to this petition, the Company argued that the arbitrator exceeded his powers and that the award should be vacated. The district judge granted the motion to vacate because it appeared to him that the arbitrator had grounded his award upon subjective concepts of industrial justice instead of the agreement and the relevant industry and shop law.

We have concluded that the arbitrator correctly fulfilled his duty as outlined in the Supreme Court's trilogy of arbitration opinions [1] and that he properly arrived at his conclusions by relying upon the express provisions of the contract and the industrial common law. *See* Anaconda Co. v. Great Falls Mill & Smeltermen's Union, 402 F.2d 749 (9th Cir. 1968). He resolved the simple question, submitted by the parties, of whether or not the time clock notice violated the collective bargaining agreement. It was his duty to find facts and interpret, define, and apply any ambiguities in the contract. *See, e. g.,* Holly Sugar Corp. v. Distillery, Rectifying, Wine & A.W.I. U., 412 F.2d 899 (9th Cir. 1969); Safeway Stores v. American Bakery & Confectionery Workers Int'l Union, 390 F.2d 79 (5th Cir. 1968). As the Supreme Court emphasized,

"the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

---

1. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424, 1429(1960). Here, the district judge should not have substituted his interpretation of the facts or the contract provisions for that of the arbitrator. *See* Dallas Typographical Union v. A. H. Belo Corp., 372 F.2d 577 (5th Cir. 1967). "[I]f, on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases and the award must be affirmed." *Holly Sugar, supra* 412 F.2d at 903. Accordingly, on the facts of this case, the judgment must be reversed.[2]

As to the Union's petition to modify and confirm the award, we agree that the arbitrator's remedy is subject to but one proper interpretation, i. e., that there should be back overtime pay for the past violation in addition to the Company's correction of the contract violation by either rescinding the notice or amending it to grant overtime.[3] Restitution is a reasonable remedy in a contract violation situation of this nature. Thus, the award should be modified and confirmed as the Union requested, and, upon remand, the District Court will enter its order to that effect.

Reversed and remanded.

---

2. We find it unnecessary to decide whether or not, under the United States Arbitration Act, the Company's request to vacate the arbitration award was untimely. *See* 9 U.S.C. § 12. We do note that our court may have indicated its preference for the view that this Act is a part of the substantive federal law governing suits under section 301 of the Labor Management Relations Act. *See* Local 13, I.L.W.U. v. Pacific Maritime Ass'n, 441 F.2d 1061, 1064 (9th Cir. 1971).

3. The arbitrator's award stated:
   "a. The Company may withdraw the notice; or,
   b. The Company may amend the notice by adding the following: 'Employees who, in complience [sic] with this notice, register time clock hours in excess of eight per day may claim pay for the overtime. Time clocked in complience [sic] with this Notice in excess of eight per day (after deducting any unpaid time) creates a presumption that the employee has worked the indicated amount of overtime.'
   c. The presumption indicated in (b) above exists from the time of posting of the notice, and individual employees may make retroactive claims for overtime from April 1, 1968. These claims, if made, shall be paid unless it can be shown, in the individual case, that the employee did not work the amount of overtime indicated by his time card."