Joseph **PIZZUTO**

v.

**HALL'S MOTOR TRANSIT COMPANY and Teamsters Local Union 592.**

**Civ. A. No. 75–0655–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 4, 1976.

---

William S. Francis, Jr., Richmond, Va., for plaintiff.

Melvin R. Manning, Jay J. Levit, Richmond, Va., for defendants.

## MEMORANDUM ORDER

WARRINER, District Judge.

On 13 January and or 26 January 1976 defendant Teamsters Local 592 and defendant Hall's Motor Transit Company, respectively, moved this Court to dismiss the above styled action pursuant to Fed. R.Civ.P. 12(b)(1). The latter defendant moved in the alternative for summary judgment under Fed.R.Civ.P. 56.

The pertinent uncontradicted facts are as follows: On 12 December 1974 the Virginia State Committee heard the official grievance filed by Local 592 on behalf of Joseph Pizzuto wherein he claimed he was entitled to certain specified relief as a result of his being misplaced on the company's seniority list. Plaintiff, through his Union, brought this claim before the Committee pursuant to a collective bargaining contract between the Union and Hall's. The collective bargaining contract provided for this arbitral hearing procedure as the exclusive means of resolving employment related grievances which were not settled by the parties themselves. Statutory authority for the procedure is found in Labor Management Relations Act § 301, 29 U.S.C.A. § 185.

After a full hearing on the merits, administered in accordance with the Committee Rules of Procedure and the terms of the collective bargaining agreement, a decision adverse to plaintiff was entered by the Committee on 17 December 1974. Plaintiff filed this suit almost a year later and obtained service of the complaint in December 1975. As against defendant Hall's, plaintiff is seeking essentially the same relief as denied him at the hearing. As against defendant Union, plaintiff is alleging that said defendant "did a poor, unfair and inadequate job" in representing plaintiff with respect to his grievance.

In response to plaintiff's charge against it, defendant Hall's claims this Court has no jurisdiction since plaintiff failed to comply with the United States Arbitration Act, 9 U.S.C. § 12. This Section requires that service of any complaint to vacate, modify or correct an arbitral decision must be made within 3 months after entry of the decision. Defendant Hall's further claims that, regardless of the applicability of 9 U.S.C. § 12, this Court is precluded by law from substituting its interpretation of the merits of the case for that of the arbitral committee.

Defendant Union's response to plaintiff's charge against it is simply that the complaint makes bare conclusory allegations which fail to state a claim upon which relief can be granted.

With respect to defendant Hall's argument that the United States Arbitration Act, 9 U.S.C. § 12, bars this complaint since it was not filed within three months after the arbitration decision, the Fourth Circuit Court of Appeals has held that the United States Arbitration Act is not applicable to collective bargaining contracts. *International Union v. Colonial Hardwood Floor Company,* 168 F.2d 33 (4th Cir. 1948); *United Electrical, Radio & Machine Workers of America v. Miller Metal Products Inc.,* 215 F.2d 221 (4th Cir. 1954). If this holding of the Fourth Circuit is still applicable law, then defendants plea in bar on this point is not good. The *Colonial Hardwood* holding has been questioned, Anno. 64

ALR 2d 1336, Note 20, and its efficacy was severely eroded by *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

While not mentioning the United States Arbitration Act, Mr. Justice Douglas, for the majority in *Textile Workers Union of America v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), enjoined the District Courts to fashion a federal labor law applicable to disputes concerning Section 301 arbitration clauses in collective bargaining contracts. He suggested that the United States Courts must fashion a common law of enforcement. In so doing he pointed out the courts could borrow from various and sundry sources including the common law, State law and, significantly, he said that "other problems will lie in the penumbra of express statutory mandates." 353 U.S. at 457, 77 S.Ct. at 918, 1 L.Ed.2d at 981.

The problem with which this Court is confronted is for how long may a plaintiff delay in filing an action in the District Court appealing from a final decision under binding § 301 arbitration. Surely there must be some time limit on such filings. *Colonial Hardwood Flooring, supra,* says that the United States Arbitration Act is not specifically applicable to collective bargaining contracts and arbitration clauses thereunder. Subsequent to that decision the Supreme Court in *Lincoln Mills* suggested that we look to statutory mandates for guidance. This Court must obey the holding of the Fourth Circuit in *Colonial Hardwood* by holding that the United States Arbitration Act does not apply to the arbitration clause in the collective bargaining contract in question in this case. But this Court must also comply with the directions of *Lincoln Mills* and look to the United States Arbitration Act for guidance as to what period of time is reasonable for the filing of an appeal from an arbitral award.

■ Looking to Section 12 of the Act the Court concludes that a three month period would have been sufficient for the filing of any motion to vacate, modify or correct the arbitration award. The arbitration award was rendered on 17 December 1974. The complaint was served in December of 1975. Over twelve months having elapsed, the Court finds that the complaint in this court came too late.

■ Our resolution of the above issue renders defendant Hall's second contention moot. Suffice it to say that where the collective bargaining contract, as herein, provides that the decision of the arbitral committee, as to construction, interpretation and application of the agreement, is binding, this Court cannot substitute its interpretation for that of the Committee as plaintiff would have us do. *See Gateway Coal Company v. United Mine Workers of America,* 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974); *United Steel Workers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steel Workers of America v. Warrior and Gulf Navigation Company,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steel Workers of America v. Enterprise Wheel & Car Corporation,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). For the reasons hereinabove stated, the Court grants the defendant Hall's motion for summary judgment.

■ There remains the question of failure of fair representation by defendant Union with respect to this grievance. Members of labor unions have a right to fair representation by their union under 29 U.S.C. §§ 158(b), 159(c). Plaintiff alleges a breach of this duty but fails to specify the nature of the breach with supporting facts. The Fourth Circuit in *Lusk v. Eastern Products Corp.,* 427 F.2d 705, 708 (4th Cir. 1970), stated that:

. . . [T]he allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation; conclusory allegations without specifying supporting facts to show the union's lack of good faith fail to state a valid claim.

Plaintiff's complaint utterly fails to follow the *Lusk* mandate. Accordingly, this Court will dismiss plaintiff's claim against defendant Union for failure to state a claim upon which relief can be granted.

Cognizant of the fact that the defect may be in the drafting of the pleadings rather than in the substance of the claim, the Court grants leave to plaintiff to file an amended complaint on the ground of unfair representation by the Union. If no amended complaint is filed within 10 days of entry of the accompanying order, the claim as to defendant Union will also stand dismissed. Defendant Union shall be granted 10 days from the filing of said complaint to respond thereto. Fed.R.Civ.P. 15(a).

An appropriate order shall issue