**In the Matter of the Petition for an Order Vacating Arbitration Award, between COMMUNICATIONS WORKERS OF AMERICA, a labor organization, Petitioner,**

v.

**PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Respondent.**

No. CV 78–4002–RJK.

United States District Court, C. D. California.

Dec. 12, 1978.

Bodkin, McCarthy, Sargent & Smith, William L. Haluck, Los Angeles, Cal., for Communications Workers of America.

Robert M. Ralls, Daniel J. McCarthy, Robert L. Barada, Los Angeles, Cal., for Pacific Tel. and Tel. Co.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

The Communications Workers of America ("CWA") filed this action to vacate an arbitration award in favor of respondent Pacific Telephone & Telegraph Company ("PTT"). The arbitration hearing was held earlier this year; the arbitrator issued his opinion and award on June 27, 1978, serving the parties the next day. CWA filed a petition to vacate the arbitrator's decision on October 5, the 100th day after the arbitrator served the parties with a copy of the opinion and award. PTT was served with the petition to vacate on October 9, 103 days after service of the arbitrator's opinion. PTT filed a petition for removal to the Central District of California on October 19, concurrently moving the Court to grant summary judgment in its favor.

PTT contends that summary judgment should be granted in its favor for two reasons: first, the petition to vacate was not timely filed and served under the applicable law, and second, the arbitrator in any event did not exceed his authority in rendering his decision. CWA contends that the petition was timely filed, that the failure of timely service should be excused, and that the arbitrator did exceed his authority in making his award.

CWA does not contest the propriety of the petition for removal. The parties are engaged in an industry affecting interstate commerce, and thus the Labor-Management Relations Act vests the Court with original jurisdiction to hear the matter. 29 U.S.C. § 185(a). A defendant may always remove an action of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Hence, removal of the case to this court is proper.

The Court is here presented with a conflict between the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the California arbitration statute, California Code of Civil Procedure, § 1280 *et seq.* The former provides that a petition to vacate an arbitration award must be "served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The latter provides that a petition to vacate "shall be served and filed not later than 100 days after the date of service of a signed copy of the award on the petitioner." [1] California Code of Civil Procedure § 1288 (West's 1972). CWA argues that the state rule should apply, because the action was originally filed in Los Angeles Superior Court, only to be removed on respondent's petition. PTT urges the application of the federal rule, because the action is now pending before a federal court and involves a question of federal labor law.

The analysis of this choice-of-law problem begins with the proposition that in actions brought under the Labor-Management Relations Act, the Supreme Court has evinced a desire for uniformity in the decisional law, in order to mold a national labor policy. *See, Teamsters Local v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d

---

1. CWA contends that its failure to serve the petition to vacate upon PTT within the 100 day period should be excused by the Court in the interests of justice, under Cal.Code of Civil Procedure, § 473. Because the Court holds in this decision that federal law is applicable, the Court does not reach that issue.

972 (1957). The case at bar is brought under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a); thus there should be an inclination toward the application of federal law.

The Court recognizes that the federal courts do not have exclusive jurisdiction over matters arising under the Labor-Management Relations Act. A transaction which gives rise to a claim under the Act may also give rise to state law claims; even if no state claims are asserted, a state court is free to hear an action brought under the Act. *See, e. g., Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Retail Clerks Union, Local 770 v. Thriftimart,* 59 Cal.2d 421, 30 Cal.Rptr. 12, 14–15, 380 P.2d 652 (1963). In doing so, however, the state court usually should apply the federal law, particularly where the state and federal rules conflict. As the Supreme Court stated in *Lucas Flour:*

> In *Dowd Box* we proceeded on the hypothesis that state courts would apply federal law in exercising jurisdiction over litigation within the purview of § 301(a), although in that case there was no claim of any variance in relevant legal principles as between federal law and that of Massachusetts. In the present case, by contrast, the Washington court held that there was nothing in § 301 "limiting the substantive law to be applied," and the court accordingly proceeded to dispose of this litigation exclusively in terms of local contract law. The union insists that the case was one to be decided by reference to federal law, and that under applicable principles of national labor law the strike was not a violation of the collective bargaining contract. We hold that in a case such as this, incompatible doctrines of local law must give way to principles of federal labor law. . . . The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the [federal] statute. Comprehensiveness is inherent in the process by which the law is to be formulated under the mandate of *Lincoln Mills,* requiring

issues raised in suits of a kind covered by § 301 to be decided according to the precepts of federal labor policy.

*Teamsters Local v. Lucas Flour Co., supra,* 369 U.S. at 102–103, 82 S.Ct. at 576.

The exception to the general rule, which the Court carved out in the case of *International Union, etc. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966), is inapplicable. In *Hoosier,* the Court ruled that a state's statute of limitations would apply in a § 301 case, despite the need for uniformity in the labor sphere, where there was no applicable federal statute of limitations:

> The need for uniformity, then, is greatest where its absence would threaten the smooth functioning of those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it. For the most part, statutes of limitations come into play only when these processes have already broken down. Lack of uniformity in this area is therefore unlikely to frustrate in any important way the achievement of any significant goal of labor policy. Thus, although a uniform limitations provision for § 301 suits might well constitute a desirable statutory addition, there is no justification for the drastic sort of judicial legislation that is urged upon us.

*International Union, etc. v. Hoosier Cardinal Corp., supra,* 383 U.S. at 702–703, 86 S.Ct. at 1111–12. In the case at bar, unlike the situation in *Hoosier,* there is a specific federal limitations period which can be applied. Thus, the justification based upon the desire to refrain from judicial legislation is inapplicable to this case. Nor does this case appear to be a situation where the "processes have broken down," as the Court spoke of in *Hoosier.* Rather, the limitations period provided in the Arbitration Act, 9 U.S.C., § 12, comes into play as the final step in the process of settling disputes through private agreement. To allow a conflicting state statute of limitations to govern an appeal from an arbitration award

would introduce an absence of uniformity into this area of the law, contrary to the expressed will of the Supreme Court. *See, Teamsters Local v. Lucas Flour Co., supra; Textile Workers Union v. Lincoln Mills, supra.*

The Federal Arbitration Act has been held to be a national law specifically applicable to transactions or contracts affecting interstate commerce. *Litton RCS Inc. v. Pennsylvania Turnpike Commission,* 376 F.Supp. 579, 585–86 (E.D.Pa.1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975); *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1068–69 (2d Cir. 1972); *Coenen v. R.W. Pressprich & Co.,* 453 F.2d 1209, 1211 (2d Cir. 1972). Those cases hold that the Federal Arbitration Act should be used instead of any state arbitration statute, where federal jurisdiction is otherwise proper.

Even the courts of California, when faced with choosing between the federal and state arbitration statutes, have opted for the former, when the dispute involves interstate commerce:

> "The Federal Arbitration Act, declaring arbitration agreement [sic] affecting [interstate] commerce or maritime affairs to be valid, enforceable, and irrevocable, is a declaration of national law equally applicable in state or federal courts."

*Main v. Merrill Lynch, Pierce, Fenner & Smith,* 67 Cal.App.3d 19, 25, 136 Cal.Rptr. 378, 381 (1977), *quoting REA Express v. Missouri Pac. Ry. Co.,* 447 S.W.2d 721 (Tex. Civ.App.1969). *See also, Safeway Stores v. Brotherhood of Teamsters, etc.,* 83 Cal. App.3d 430, 147 Cal.Rptr. 835 (1978); *Butchers Union Local 532 v. Farmers Markets,* 67 Cal.App.3d 905, 909–912, 136 Cal. Rptr. 894, 897–98 (1977). The above authorities convince the Court that the Federal Arbitration Act would be applied by a California court hearing the matter; it would be anomalous if this Court were to apply the California arbitration statute in the same situation.

Accordingly, the Court holds that the Federal Arbitration Act shall be applied in the case at bar, including the three month statute of limitations provided in that act. 9 U.S.C. § 12. Since the petitioner failed to serve respondent with notice of the petition to vacate within three months after service of the arbitrator's opinion and award, it is ordered that the motion to dismiss brought by respondent is granted.