LUMBER, PRODUCTION & INDUSTRI-
AL WORKERS, LOCAL NO.
3038, Plaintiff,

v.

CHAMPION INTERNATIONAL
CORPORATION, a New York
Corporation, Defendant.

No. CV 80–8–M.

United States District Court,
D. Montana,
Missoula Division.

March 27, 1980.

Edward A. Murphy, Datsopoulos, MacDonald & Lind, Missoula, Mont., for plaintiff.

Larry K. Amburgey, Bullard, Korshoj & Smith, P. C., Portland, Or., and Sherman V. Lohn, Garlington, Lohn & Robinson, Missoula, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This action was brought to vacate an arbitration award which was made pursuant to the arbitration clause in a collective bargaining agreement. The action was filed six months after the award, and the question is whether the limitation of three months expressed in the Federal Arbitration Act (9 U.S.C. § 12), or the five-year limitation provided by Montana Code Annotated (hereafter MCA) § 27–2–215 (1979) is applicable.

Following the decision of Judge Kelleher in *Communications Workers v. Pacific Telephone & Telegraph Co.*, 462 F.Supp. 736 (C.D.Cal.1978), I hold that the three-month limitation applies. To Judge Kelleher's observations I would add the following:

The cases of *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), and *Operating Engineers v. Fischbach & Moore, Inc.*, 350 F.2d 936 (9th Cir. 1965), where state limitations were applied, were actions for damages which found their way into the federal courts by reason of the jurisdictional grant of Section 301 of the Labor Management Relations Act (29 U.S.C. § 185). The Supreme Court in *Hoosier Cardinal*, however, expressly limited its decision to damage actions.[1] In both *Hoosier Cardinal* and *Fischbach & Moore* the damage actions involved money, and neither the actions themselves nor the judgments rendered in them affected the ongoing operation of the industries.

1. "The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law. Whether other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question. See, e. g., *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743; *Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80 (C.A. 2d Cir.); 2 Moore Federal Practice ¶ 3.07[1]–[3], at 740–764 (2d ed. 1965); Hill, State Procedural Law in Federal Nondiversity Litigation, 69 Harv.L.Rev. 66, 111–114." *UAW v. Hoosier Cardinal Corp.*,

The Supreme Court in *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960), described a collective bargaining agreement as "a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate." Such a code governs day-to-day operations. It may relate to many matters such as hours of labor, health and welfare, plant safety, rest periods, vacations, and the hiring and firing of employees. Where an arbitration clause exists, it is the arbitration which answers disputes as to the interpretation of the contract.

Certainly when an award has been made it is in the interest of labor peace to apply immediately the interpretation afforded by the arbitration, and it is not compatible with national labor policy or national arbitration policy to delay the finality of the arbitration award for some unknown period of time which some state legislature may have prescribed.[2]

Under these circumstances it seems to me that the court may do what was suggested in the dissent in *Hoosier Cardinal*, that is, fashion a uniform rule "after consideration of relevant federal and state statutes." 383 U.S. at 709, 86 S.Ct. at 1115.[3]

The contract involved here affects interstate commerce, and the Federal Arbitration Act would be applied except for the language in it exempting "contracts of employment." 9 U.S.C. § 1. Now under the Labor Management Relations Act, as interpreted in *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the arbitration clause of a collective bargaining agreement is specifically enforceable and today has exactly the same validity, enforceability, and irrevocability as would the arbitration clause in any other contract involving commerce and controlled by Section 2 of the Federal Arbitration Act.

9 U.S.C. § 2. Had Congress stricken the language exempting contracts of employment from 9 U.S.C. § 1, there would be no question but that the limitation would be that expressed in 9 U.S.C. § 12. Congress did not do that, but since the exact result has been reached by a combination of legislative and judicial action, I have no difficulty in finding that the national policy as to arbitration awards has been expressed and should be applicable here.

The motion to dismiss is granted, and the clerk is ordered to enter judgment dismissing the case on the merits.

---

383 U.S. 696, 705 n. 7, 86 S.Ct. 1107, 1113 n. 7, 16 L.Ed.2d 192 (1966).

**2.** The Montana period of limitations would be five years as provided by MCA § 27–2–215, the section applicable to actions "not otherwise provided for."

**3.** It should be noted that the proper limitation here is the limitation applicable to all of the myriad disputes which could arise all over the United States under collective bargaining agreements containing arbitration clauses.