685 F.2d 1137
 111 L.R.R.M. (BNA) 2222, 95 Lab.Cas. P 13,758
 SAN DIEGO COUNTY DISTRICT COUNCIL OF CARPENTERS OF the
UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF
AMERICA, Petitioner/Appellant,
v.
G. L. CORY, Associated General Contractors of America, San
Diego Chapter, Inc., Respondents/Appellees.
 No. 81-5327.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 2, 1982.
Decided Aug. 31, 1982.
 
 Michael B. Roger, Van Bourg, Allen Weinberg & Roger, San Francisco, Cal., for petitioner/appellant.
 Mark T. Bennett, San Diego, Cal., for respondents/appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before HUG, TANG and PREGERSON, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 This appeal is from a district court dismissal of a petition to vacate an arbitration award entered under a collective bargaining agreement. The petition was dismissed as untimely. The issue presented is whether the 100-day limitations period of Cal.Civ.Proc. Code § 1288 or the three-month limitations period of the United States Arbitration Act, 9 U.S.C. § 12, should apply to actions brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to vacate an arbitration award. We conclude that the California limitations period should apply and reverse the district court dismissal.
 
 FACTS
 
 2
 San Diego County District Council of Carpenters ("District Council") and G. L. Cory, Inc. are parties to a collective bargaining agreement known as the San Diego County Master Labor Agreement (1980-83). On September 9, 1980, the District Council filed a grievance against G.L. Cory, Inc. alleging that the company had violated the agreement by subcontracting drywall construction work to a company with employees who were not affiliated with the District Council.
 
 
 3
 On October 16, 1980, an arbitration award was rendered under the San Diego County Master Labor Agreement against the District Council. On January 22, 1981, ninety-eight days after the entry of the arbitration award, the District Council filed a petition in California Superior Court to vacate the award. The respondents to the petition, G. L. Cory, Inc. and Associated General Contractors of America (collectively, "Cory"), removed the action to the federal district court for the Southern District of California pursuant to 28 U.S.C. § 1441. Cory then moved to dismiss the petition because it had not been filed within three months of the award as required by section 12 of the United States Arbitration Act (USAA), 9 U.S.C. § 12,[1] which, Cory argued, applied to actions to vacate an arbitration award brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The District Council opposed the motion on the ground that the timeliness of the petition was governed by the 100-day statute of limitations found in Cal.Civ.Proc. Code § 1288[2] and not the three-month limitations period found in the USAA. The district court held that the USAA period applied both under section 301 and the USAA, and dismissed the petition.
 
 DISCUSSION
 
 4
 Congress did not enact a statute of limitations for section 301 of the Labor Management Relations Act. When Congress does not provide a statute of limitations for a federal cause of action, we apply the forum state's statute of limitations unless it unduly qualifies or diminishes the federal right the cause of action seeks to protect. See, e.g., Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969). The relevant state limitations period here is Cal.Civ.Proc.Code § 1288, which allows a party 100 days to petition to vacate an arbitration award.[3] The issue is whether federal labor policy requires us to disregard the general rule favoring the incorporation of a state limitations period such as section 1288 and to incorporate instead a federal limitations period such as the three-month period found in the United States Arbitration Act.[4]
 
 
 5
 Supreme Court precedent sheds little light on this question. In International Union of Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court held that the forum state limitations period governs section 301 actions seeking damages for the breach of a collective bargaining agreement. The Court, however, explicitly limited its holding to damage actions and expressed no opinion with respect to actions seeking other types of relief. Id. at 705 n.7, 86 S.Ct. at 1113 n.7. Similarly, in United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Court ruled that if a court applies a state limitations period to a section 301 action that seeks to vacate an arbitration award, it should choose the state limitations period applicable to arbitration awards rather than the limitations period applicable to contract enforcement. The Court, however, expressly reserved whether it was more appropriate to create judicially a federal limitations period rather than to borrow a state limitation period. Id. at 60 n.2, 101 S.Ct. at 1562 n.2.
 
 
 6
 Our own precedent is more helpful.[5] In Local 1020, United Brotherhood of Carpenters' & Joiners v. FMC Corp., 658 F.2d 1285, 1288-92 (9th Cir. 1981), we were asked to decide whether the 20-day statute of limitations provided in the Oregon commercial arbitration statute or the USAA limitations period should be applied to a section 301 action seeking to vacate an arbitration award. We noted that the Supreme Court had been reluctant in Mitchell to adopt the USAA limitations period and offered several reasons why that limitations period might be inapplicable. Id. at 1290-92. We also indicated that we saw no reason why the state limitation period should not be the applicable limitations period. Id. at 1289. Despite this discussion, however, we declined to base our decision on the statute of limitations issue and held instead that the plaintiff's complaint should have been dismissed under Federal Rule of Civil Procedure 12(b)(6). Id. at 1292.[6]
 
 
 7
 Although the holding in FMC Corp. does not control our decision here, its reasoning nonetheless persuades us that we should generally apply the state limitations period rather than the USAA limitations period. We concede that a uniform federal limitation period might be desirable. Incorporating the USAA limitation period might promote uniformity in the administration of collective bargaining agreements. See, e.g., Communications Workers of America v. Pacific Telephone & Telegraph Co., 462 F.Supp. 736, 738-39 (C.D.Cal.1978). Multi-state contracts are common and arbitration awards entered under those contracts often have an impact on more than one state. Use of a uniform federal limitation period might afford parties to a multi-state agreement clear notice of how soon they must challenge an arbitration award in court. This predictability is diminished if state limitations periods are employed. Within this circuit, the applicable state limitations periods vary substantially, from ten days in Hawaii to five years in Montana.[7] Moreover, federal incorporation of state conflict of law rules may further complicate which limitations period should apply.
 
 
 8
 We also acknowledge that the need for uniformity may be more compelling with respect to arbitration awards than with damage actions. In Hoosier Cardinal, the Court noted that "(t)he need for uniformity is greatest where its absence would threaten the smooth functioning of those consensual processes that federal labor law is chiefly designed to promote-the formation of the collective agreement and the private settlement of disputes under it." 383 U.S. at 702, 86 S.Ct. at 1111. The Court found that damage actions under section 301 did not require a uniform limitations period because the parties' collective bargaining relationship will have "already broken down" by the time a contractual dispute culminates in litigation. Id. at 702, 86 S.Ct. at 1111. This is not necessarily true for judicial actions seeking review of arbitration awards. Although seeking judicial review necessarily means that the parties have exhausted private dispute resolution devices, judicial review of an arbitration award is still only the last step in an on-going process of contract administration. Adopting a uniform limitations period for reviewing arbitration awards might instill additional confidence in the arbitration process by infusing predictability in the use of the arbitration mechanism. See Communications Workers, 462 F.Supp. at 738-39. But see Service Employees International Union, Local 36 v. Office Center Services, Inc., 670 F.2d 404, 408-09 (3d Cir. 1982) (need for uniformity in limitations period no more compelling for judicial review of arbitration awards than for damage actions).
 
 
 9
 Despite the apparent advantages of a uniform federal limitation period, we nonetheless reject the suggestion to incorporate the USAA limitation period here. First, we believe the decision to create a uniform federal limitations period should be left to Congress and not the courts. As noted in Hoosier Cardinal, Congress hotly debated the desirability of enacting a uniform limitations period for section 301, but failed to do so. 383 U.S. at 703-04, 86 S.Ct. at 1111-12. We interpret this absence of an explicit Congressional mandate as a tacit endorsement of incorporating state limitations periods. Cf., International Union of Operating Engineers v. Fischbach & Moore, Inc., 350 F.2d 936, 939 (9th Cir. 1965) (fact that Congress did not provide a statute of limitations to section 301 damage actions argues against judicially creating one), cert. denied, 384 U.S. 904, 86 S.Ct. 1336, 16 L.Ed.2d 358 (1966).
 
 
 10
 Second, we question whether Congress intended the courts to look to the USAA for guidance in interpreting section 301. Section 1 of the USAA specifically excludes from its coverage "contracts of employment of ... any class of workers engaged in foreign or interstate commerce", 9 U.S.C. § 1. This language suggests that Congress did not mean the USAA to be used to review arbitration awards involving collective bargaining agreements. See Office Center Services, Inc., 670 F.2d at 406 n.6; Sine v. Local No. 992, International Brotherhood of Teamsters, 644 F.2d 997, 1002 (4th Cir.), cert. denied, --- U.S. ----, 102 S.Ct. 507, 73 L.Ed.2d 381 (1981). See also FMC Corp., 658 F.2d at 1290 (dictum) (questioning whether USAA applies to collective bargaining agreements). No legislative sanction can thus be found in the Act for uniformly borrowing the USAA's limitation period for reviewing arbitration decisions under section 301.
 
 
 11
 Third, aside from noting the advantages of national uniformity, the appellee has not presented any convincing reason why the three-month USAA limitation period serves national labor policy better than the 100-day period provided under California law. Only ten days separate the two limitations periods. No national labor policy would have been thwarted here by permitting the appellant the benefit of the ten extra days provided by the California limitations period.
 
 
 12
 Fourth, the California limitations period is not so long as to defeat the national labor policy favoring a quick resolution of labor disputes. The Supreme Court has noted in dictum that judicial review of an arbitration decision should take place, if at all, soon after the decision is made. See United Parcel Service, Inc., 451 U.S. at 63, 101 S.Ct. at 1564. Parties to a collective bargaining agreement rely upon arbitration decisions to delineate the common law of the workplace and to identify issues for future negotiations. This process of settling expectations might be frustrated if a limitations period permits an arbitration award to be reversed several years after its entry. See, e.g., Lumber, Production & Industrial Workers Local No. 3038 v. Champion International Corp., 486 F.Supp. 812, 813 (D.Mont.1980). This danger does not arise here, however, because the 100-day California limitations period is sufficiently short to permit a quick and final resolution of labor disputes.[8]
 
 
 13
 In sum, while a uniform federal limitations period might be desirable, neither national labor policy nor section 301's text or legislative history supports creating one judicially. In the absence of evidence that the California limitation period subverts the aims of national labor policy, we conclude that the 100-day California limitation period should apply and reverse the district court dismissal.
 
 
 14
 REVERSED and REMANDED for proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Section 12 of the USAA provides:
 Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.
 9 U.S.C. § 12 (1976).
 
 
 [2]
 Section 1288 provides:
 A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner. A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petition.
 Cal.Civ.Proc.Code § 1288 (West 1982).
 
 
 [3]
 The parties have not suggested that any other state limitations period might be applicable. In United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court ruled that if a court applies a state limitations period to an action brought subsequent to a related arbitration decision, it must apply the state limitations period applicable to vacating or enforcing arbitration awards. This court held in Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, 1353 (9th Cir. 1981), that this rule would not apply retroactively in this circuit if it appeared likely that the plaintiff had reasonably relied upon the rule announced in Price v. Southern Pacific Transportation Co., 586 F.2d 750, 752-53 (9th Cir. 1978). Price held that the limitations period applicable to an action based on an alleged breach of a union's duty of fair representation was the state period applicable to "liability created by statute." As this action involves a work jurisdiction dispute and not the duty of fair representation, there is no possibility that the plaintiffs relied upon Price in not bringing suit earlier. The Singer exception therefore does not apply. Cf., Local 1020 v. FMC Corp., 658 F.2d 1285, 1288-92 (9th Cir. 1981) (petition to vacate arbitration award relating to work jurisdiction dispute; alternate holding or dictum indicating that state limitation period applicable to vacating arbitration awards should govern)
 
 
 [4]
 We do not reach whether the USAA applies by its own force to the arbitration award rendered here. Even if it does apply, the petition here would have been time-barred under the USAA because the petition was filed later than three months after the award. Section 301, however, creates a cause of action independent of the USAA. The absence of a remedy under the USAA therefore does not resolve whether it is appropriate to borrow and apply the USAA limitation period to a section 301 action to vacate an arbitration award. See Pizzuto v. Hall's Motor Transit Co., 409 F.Supp. 427, 429 (E.D.Va.1976)
 
 
 [5]
 Other courts have split on whether to apply the forum state limitation period or the USAA limitation period. The three circuits that have considered the issue have expressly rejected the use of the USAA limitation period and opted for the relevant state statute of limitations. See Service Employees International Union Local 36, v. Office Center Services, Inc., 670 F.2d 404, 406 n.6 (3d Cir. 1982); Sine v. Local No. 992, International Brotherhood of Teamsters, 644 F.2d 997, 1002 (4th Cir.), cert. denied, --- U.S. ----, 102 S.Ct. 507, 73 L.Ed.2d --- (1981); International Union of Operating Engineers v. Kerr-McGee Refining Corp., 618 F.2d 657, 659 (10th Cir. 1980). A significant number of district courts, however, including three in this circuit, have applied the USAA limitation period. See San Diego County District Council of Carpenters v. Cory, Inc., 108 LRRM 2336, 2336 (S.D.Cal.1981); Lumber, Production & Industrial Workers Local No. 3038 v. Champion International Corp., 486 F.Supp. 812, 813 (D.Mont.1980); Communications Workers of America v. Pacific Telephone & Telegraph Co., 462 F.Supp. 736, 739 (C.D.Cal.1978). See also Bakery Workers, Local 434 v. Keebler Co., 104 LRRM 3181, 3182 (M.D.Ga.1980); Pizzuto v. Hall's Motor Transit Co., 409 F.Supp. 427, 429 (E.D.Va.1976); International Union of Auto Workers v. LaCrosse Cooler Co., 406 F.Supp. 1213, 1215 (W.D.Wis.1976)
 
 
 [6]
 Little additional guidance can be found from other Ninth Circuit decisions. In International Union of Operating Engineers v. Fischbach & Moore, Inc., 350 F.2d 936, 939 (9th Cir. 1965), cert. denied, 384 U.S. 904, 86 S.Ct. 1336, 16 L.Ed.2d 358 (1966), this circuit anticipated Hoosier Cardinal by ruling that forum state limitation periods should normally govern section 301 actions. Like Hoosier Cardinal, however, Fischbach & Moore dealt solely with damage actions and may not be applicable to an action to vacate an arbitration award. One later case hints that the standards found in the United States Arbitration Act should govern section 301 actions involving arbitration, see Local 13, ILWU v. Pacific Maritime Ass'n, 441 F.2d 1061, 1064 (9th Cir. 1971), cert. denied, 404 U.S. 1016, 92 S.Ct. 677, 30 L.Ed.2d 664 (1972), but a later decision expressly reserved whether the USAA limitations period should apply, see United Steelworkers v. Amex Aluminum Mill Products, Inc., 451 F.2d 740, 743 n.2 (9th Cir. 1971)
 
 
 [7]
 Within the Ninth Circuit, Hawaii and Oregon have the shortest limitations periods, with Hawaii allowing ten days, Hawaii Rev.Stat. § 658-11 (1976), and Oregon allowing twenty days, Or.Rev.Stat. § 33.310 (1981). Alaska, Arizona, Idaho, Nevada, and Washington have ninety-day or three month statutes of limitations, a period identical with the USAA period. Alaska Stat. § 9.43.120(c) (1973) (ninety days); Ariz.Rev.Stat.Ann. § 12-1513 A. (1982) (ninety days); Idaho Code § 7-912(b) (1979) (ninety days); Nev.Rev.Stat. § 38.145(2) (1979) (ninety days); Wash.Rev.Code Ann. § 7.04.180 (1961) (three months). California provides 100 days to petition to vacate an arbitration award. Cal.Civ.Proc.Code § 1288 (West 1982). Because Montana has not enacted a statute of limitations specifically applicable to petitions to vacate arbitration awards, the applicable statute of limitations is probably the five-year limitation period provided in Mont.Rev.Code Ann. § 27-2-215 (1981). See Lumber, Production and Industrial Workers, Local No. 3038 v. Champion International Corp., 486 F.Supp. 812, 813 n.2 (D.Mont.1980)
 
 
 [8]
 We express no opinion on whether a state limitations period should be incorporated if it is so long as to undermine the finality of the arbitration process. See International Union of Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 707 n.9, 86 S.Ct. 1107, 1114 n.9, 16 L.Ed.2d 192 (1966); Service Employees International Union Local 36 v. Office Center Services, Inc., 670 F.2d 404, 409 (3d Cir. 1982)