**Bertha GONZALES, Plaintiff-Appellant,**

v.

**THE DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY,**
**Defendant-Appellee.**

No. 83CA0581.

Colorado Court of Appeals,
Div. II.

March 1, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied Sept. 4, 1984.

Hartley, Obernesser & Vaglica, Dennis W. Hartley, Colorado Springs, for plaintiff-appellant.

Kathleen M. Snead, Denver, for defendant-appellee.

ENOCH, Chief Judge.

In this wrongful death action, the plaintiff, Bertha Gonzales, appeals the trial court's entry of summary judgment in favor of defendant, Denver and Rio Grande Western Railroad Company. We affirm.

On September 17, 1978, a train and car collision occurred in which the driver of the car, Fidel Gonzales, was killed. On September 8, 1980, plaintiff, wife of the decedent, filed a wrongful death action in the U.S. District Court of Colorado. Defendant moved for dismissal of this action on the basis of lack of federal subject matter jurisdiction. Plaintiff, on October 7, 1980, filed an identical wrongful death action in the state court. The federal suit, pursuant to defendant's motion, was dismissed on May 27, 1981. Thereafter, the state court entered summary judgment for defendant on the basis that the statute of limitations barred plaintiff's wrongful death claim in the state court.

## I.

Plaintiff's first contention is that the remedial revival statute, § 13–80–128, C.R.S., applies to the statute of limitations for wrongful death, thereby allowing her an additional year in which to file her wrongful death suit in state court after dismissal of the federal suit for lack of jurisdiction. We disagree.

Section 13–80–128(1), C.R.S., states that:

"If an action is commenced within the period *allowed by this article* and is terminated because of lack of jurisdiction or improper venue, the plaintiff ... may commence a new action upon the same cause of action within one year after the termination of the original action or within the period otherwise allowed by this article, whichever is later ...." (emphasis supplied)

Section 13–80–128(3), C.R.S., makes this section applicable to those actions first commenced in federal court, as here.

By its explicit terms, this statute applies only to actions commenced within those time periods set forth in § 13–80–101,

**1364** 

*et seq.*, C.R.S. The statutes creating the wrongful death action and setting forth the time within which such action must be brought are found in § 13–21–201 through § 13–21–204, C.R.S. Hence, by its own terms, the remedial revival statute does not apply to wrongful death actions. *Ritter v. Aspen Skiing Corp.*, 519 F.Supp. 907 (D.Colo.1981). Therefore, in order to maintain this action, plaintiff must show that she complied with the statute of limitations for wrongful death by filing her suit in state court within the appropriate time period. Section 13–21–204, C.R.S.

### II.

Plaintiff contends, however, that in any event, the court erred in granting summary judgment because an issue of fact existed as to when she knew or should have known of the negligent act leading to the death of her spouse, and the time for filing the action would begin to run only from that date.

 *With v. General Electric Co.*, 653 P.2d 764 (Colo.App.1982) is dispositive of this issue. There, we concluded that the statute of limitations for wrongful death specifically starts running no later than the date of death. Therefore, because plaintiff failed to file her wrongful death action in the state court within two years after her husband's death, the trial court did not err in entering summary judgment for defendant.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.