**CHILCOTT ENTERTAINMENT L.L.C., a Delaware limited liability company, f/k/a Chilcott Entertainment Corporation, a Colorado corporation, f/k/a The Elitch Gardens Company, a Colorado corporation, Plaintiff–Appellant,**

v.

**JOHN G. KINNARD COMPANY, INCORPORATED, a Minnesota corporation and BT Alex. Brown Incorporated, a Delaware corporation, f/k/a Alex. Brown Sons Incorporated, Defendants–Appellees.**

No. 99CA1478.

Colorado Court of Appeals, Div. I.

Aug. 17, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.

Brenman Bromberg & Tenenbaum, P.C., Thomas R. Bromberg, Steven W. McDonald, Sheryl A. Johnson, Denver, Colorado, for Plaintiff–Appellant.

Dorsey & Whitney LLP, Stephen D. Bell, Brian E. Casey, David W. Feeder II, Denver, Colorado for Defendant–Appellee John G. Kinnard & Company, Inc.

Lindquist, Vennum & Christensen P.L.L.P., Stephen C. Peters, Patrick D. Frye, Denver, Colorado, for Defendant–Appellee BT Alex. Brown, Inc.

Opinion by Judge KAPELKE.

In this action to vacate an arbitration award under the Federal Arbitration Act, 9

U.S.C. §§ 1–16 (1994)(FAA), plaintiff, Chilcott Entertainment L.L.C. (Chilcott), appeals from the judgment of the trial court dismissing the action as untimely. The suit stems from an award entered against Chilcott and in favor of defendants, John G. Kinnard & Company, Inc. (Kinnard) and BT Alex. Brown, Inc. (Brown), in a National Association of Securities Dealers arbitration. We affirm.

The arbitration award was entered on July 2, 1997. On September 19, 1997, Chilcott filed an action in the United States District Court for the District of Colorado (the federal action) to vacate the arbitration award.

On December 24, 1997, the federal court dismissed the federal action without prejudice, finding that because there was not complete diversity of citizenship between the parties and there was no federal question, the court lacked subject matter jurisdiction. On January 22, 1999, the federal court denied Chilcott's motion for reconsideration.

This action was filed in Denver District Court on March 9, 1999. Kinnard and Brown moved to dismiss on the grounds that Chilcott had failed to file the action within the three-month period prescribed in 9 U.S.C. § 12.

## I.

Chilcott first contends that the three-month notice requirement set out in 9 U.S.C. § 12 of the FAA was tolled during the pendency of its federal action. We disagree.

The statute at issue provides that: "Notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

The notice requirement of 9 U.S.C. § 12 is in the nature of a statute of limitations. *Foster v. Turley*, 808 F.2d 38 (10th Cir.1986). *See also Fairport Associates v. Topelson*, 903 P.2d 1207 (Colo.App.1995).

In urging that the three-month limitation was tolled while the federal action was pending, Chilcott relies on *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). In *Burnett*, the plaintiff had filed a timely action under the Federal Employers' Liability Act (FELA) in a state court having jurisdiction, and the case had been dismissed for improper venue. The plaintiff then filed suit in federal court. Absent a tolling, the second action would have been barred by the FELA three-year limitation provision. The Court ruled that the FELA limitation was tolled during the pendency of the state suit.

The Court stated that the pertinent question to be answered "in determining whether under a given set of facts, a statute of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable . . . after the prescribed time.' " *Burnett v. New York Central R.R. Co., supra*, 380 U.S. at 426, 85 S.Ct. at 1053, 13 L.Ed.2d at 944.

Further, the Court indicated that, in order to ascertain congressional intent, a court must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme for the enforcement of rights afforded by the Act.

Courts have previously considered the issue whether the three-month filing limitation of 9 U.S.C. § 12 for seeking the vacation of arbitration awards may be equitably tolled.

In *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir.1984), the court noted that the statute itself contains no exception to the limitation provision and that "there is no common law exception to the three month limitations period on the motion to vacate." In examining the nature and purpose of the arbitration provisions, the *Florasynth* court stressed that parties choose arbitration because they want quick and final resolution of their disputes, and that "the role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award." *Florasynth, Inc. v. Pickholz, supra*, 750 F.2d at 177. *See also Fradella v. Petricca*, 183 F.3d 17, 20 (1st Cir.1999) (recognizing that legislative goal of FAA is to promote "the expeditious and final resolution of arbitral claims").

Similarly, in *Pennsylvania Engineering Corp. v. Islip Resource Recovery Agency*, 714 F.Supp. 634 (E.D.N.Y.1989), the court rejected the contention that the equitable tolling

doctrine could serve as an exception to the FAA's time limitation on motions to vacate arbitration awards.

■ Based on these precedents, we also conclude that the three-month limitations period in 9 U.S.C. § 12 is not subject to an equitable tolling exception. As discussed, the congressional purpose in enacting the FAA was to encourage speedy and final resolution of arbitration disputes. A determination that equitable tolling is not permitted is consistent with that goal.

■ Further, we find *Burnett v. New York Central R.R. Co., supra,* to be distinguishable. In *Burnett,* the Court emphasized that the plaintiff had initially filed its action in a court having jurisdiction. In contrast, the federal district court here found that subject matter jurisdiction was lacking. Chilcott did not appeal from the dismissal of that action. Generally, commencement of an action in a court that lacks jurisdiction will not toll running of a statute of limitations. *See Silverberg v. Thomson McKinnon Securities, Inc.,* 787 F.2d 1079 (6th Cir.1986).

Also, the Court in *Burnett* found that the purposes of the FELA legislation would be served by allowing an equitable tolling, while here, as discussed, the legislative purposes of the FAA are inconsistent with allowing equitable tolling of the limitation period.

■ In addition, we note that Colorado law permits application of the equitable tolling doctrine only in situations in which the defendant has wrongfully impeded the plaintiff's ability to assert the claim or in which "truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 1099 (Colo.1996). Neither situation has been shown here. Accordingly, even if we were to assume that the equitable tolling doctrine could apply to allow a filing of an action to vacate an arbitration award beyond the three-month limitations period under the FAA, plaintiffs have not established a basis for such tolling here.

■ Also, the Colorado Supreme Court has stated that, absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action. *King v. W.R. Hall Transportation & Storage Co.,* 641 P.2d 916 (Colo.1982); *see also Brown v. Hartshorne Public School District # 1,* 926 F.2d 959 (10th Cir.1991) (in absence of statute to the contrary, limitation period not tolled during pendency of dismissed action); and *Cook v. G.D. Searle & Co.,* 759 F.2d 800 (10th Cir.1985) (recognizing that Colorado law indicates a policy disfavoring tolling by mere pendency of prior action).

We therefore agree with the trial court's conclusion that equitable tolling does not apply here.

## II.

■ Chilcott next contends that, by having given timely notice to Kinnard and Brown in the prior federal action, it complied with the six-month notice requirement of 9 U.S.C. § 12. We reject this contention.

As noted, the statute is in the nature of a limitations provision and requires a timely filing of a motion for vacation of the arbitration award. *See Florasynth, Inc. v. Pickholz, supra.* Further, the filing of a complaint or motion to vacate in a court that lacked subject matter jurisdiction does not constitute the required filing for purposes of 9 U.S.C. § 12. As discussed, the federal court here determined that it lacked jurisdiction and that ruling was not appealed. Therefore, the filing of the federal action did not constitute compliance with the limitation requirement of the statute.

## III.

Chilcott next asserts that its filing was timely by virtue of the Colorado "savings statute," § 13–80–111, C.R.S.1999, and that the trial court erred in determining that this statute was preempted by 9 U.S.C. § 12. We disagree.

Section 13–80–111 provides in pertinent part that:

(1) If an action is commenced within the period allowed by this notice and is terminated because of lack of jurisdiction ... the plaintiff ... may commence a new

action upon the same cause of action within ninety days after the termination of the original action. . . .

(2) This section shall be applicable to all actions which are first commenced in a federal court as well as those first commenced in the courts of Colorado or any other state.

■ Other courts have expressly held that state savings statutes, such as § 13–80–111, are preempted by 9 U.S.C. § 12. *See Communications Workers v. Pacific Telephone & Telegraph Co.,* 462 F.Supp. 736 (C.D.Cal. 1978) (finding that three-month provision of 9 U.S.C. § 12, rather than California limitation statute allowing longer period, governs motion to vacate arbitration award).

In *Sager v. District Court,* 698 P.2d 250 (Colo.1985), our supreme court pointed out that the FAA is part of the federal substantive law and that, under the Supremecy Clause, U.S. Const. art. VI, any conflicting state statute is void.

As the court concluded in *Communications Workers v. Pacific Telephone & Telegraph Co., supra,* 462 F.Supp. at 738–739: "To allow a conflicting state statute of limitations to govern an appeal from an arbitration award would introduce an absence of uniformity into this area of the law. . . ."

We therefore conclude, as did the trial court, that 9 U.S.C. § 12 preempts the savings provisions of § 13–80–111.

■ Finally, we note that, by its express language, § 13–80–111 allows for commencement of a new action within 90 days of dismissal of a prior action for lack of jurisdiction only when the original action was commenced "within the period allowed by this article."

Here, because the statute of limitations for actions to vacate arbitration awards under FAA is not governed by § 13–80–101, et seq., C.R.S.1999, the savings statute does not apply. *See Gonzales v. Denver & Rio Grande Western R.R. Co.,* 686 P.2d 1362 (Colo.App. 1984) (holding that the savings provisions of predecessor of § 13–80–111 did not apply to wrongful death action whose limitation provision was contained in a different article of the statutes). Thus, we conclude that § 13–80–111 is inapplicable.

Accordingly, because this action to vacate the arbitration award was not filed within the three-month limitation period prescribed by 9 U.S.C. § 12, the trial court properly entered a judgment of dismissal.

In light of our holding, we need not address the contention of Kinnard and Brown that the judgment should be affirmed because Chilcott's complaint fails to state a claim upon which relief may be granted.

The judgment is affirmed.

Judge METZGER and Judge JONES concur.