**Dyan A. TRUESDELL, Plaintiff—Appellant,**

**v.**

**SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, a partnership; the Hospital and Service Employees International Union, Local 399, Defendants—Appellees.**

No. 01–55939.

D.C. No. CV–01–02337–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided June 20, 2002.

---

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,* District Judge.

## MEMORANDUM **

Defendant Southern California Permanente Medical Group terminated the employment of Plaintiff, laboratory technician Dyan Truesdell. As a result of arbitration, Defendant reinstated Plaintiff, but without back pay. In this action, Plaintiff alleges that her union, The Hospital and Service Employees International Union, Local 399 (the Union), breached its duty of fair representation when it failed to make certain arguments at the arbitration. She also challenges the arbitration decision itself. In a published opinion, the district court granted Defendant's motion to dismiss. On de novo review, we affirm.

**▮** "A union breaches its duty of fair representation if its conduct is 'arbitrary, discriminatory, or in bad faith.'" *Patterson v. Int'l Bhd. of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir.1997) (quoting *Peters v. Burlington N.R.R.*, 931 F.2d 534, 538 (9th Cir.1990)). A union's decision is

arbitrary only if it has no rational basis. *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998).

Plaintiff concedes that she cannot demonstrate bad faith or discriminatory conduct. Rather, she contends that the Union acted arbitrarily when it failed to argue for her particular interpretation of the collective bargaining agreement (CBA). The Union did not act arbitrarily, and thus did not breach its duty of fair representation, by electing to disregard Plaintiff's interpretation. That decision was within the "wide range of reasonableness" that "gives the union room to make discretionary decisions and choices." *Id.* at 46, 119 S.Ct. 292 (citations and internal quotation marks omitted). *See also Patterson*, 121 F.3d at 1349 (reaffirming that " '[w]e have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance' ") (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985)). Even if Plaintiff's interpretation of the CBA were persuasive, the law is clear that a union may make errors of judgment in handling a grievance without breaching the duty of fair representation. *See Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480, 1482 (9th Cir.1985) (stating that "the grievance process need not be error free— to constitute a breach of the duty of fair representation, more than a mere error of judgment must occur").

**▮** Plaintiff also challenges the arbitrator's authority, contending that his decision did not "draw its essence" from the CBA. The district court correctly construed this claim as a request for vacatur

---

* The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the arbitrator's decision. Plaintiff is outside the 100–day statute of limitations for seeking vacatur. *San Diego County Dist. Council of Carpenters v. G.L. Cory*, 685 F.2d 1137, 1138 (9th Cir.1982).

The dismissal of Plaintiff's two substantive claims divests her complaint of any ground for jurisdiction under 28 U.S.C. § 1331. Therefore, the court lacks subject matter jurisdiction to consider her claim for declaratory relief. *See Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir.1988) (noting "well-settled" principle that claims under Declaratory Judgment Act require a jurisdictional basis beyond the Act itself).

AFFIRMED.