RIVERBOAT CASINO, INC., dba Holiday Casino, Petitioner-Appellant,

v.

LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS et al., Respondents-Appellees.

LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS et al., Petitioners-Appellees,

v.

HOLIDAY CASINO, etc., et al., Respondent-Appellant.

No. 77–2456.

United States Court of Appeals, Ninth Circuit.

July 10, 1978.

Kevin C. Efroymson, Las Vegas, Nev., for petitioner-appellant.

Davis, Cowell & Bowe, San Francisco, Cal., for respondents-appellees.

Before BROWNING and WRIGHT, Circuit Judges, and KUNZIG,* Judge, Court of Claims.

BROWNING, Circuit Judge.

Riverboat Casino discharged a waiter, Isaac Sewall, for lateness and absenteeism. The dispute arising out of the discharge was submitted to an arbitrator pursuant to the collective bargaining agreement between the Union and the Nevada Resort Association. The arbitrator concluded that Sewall's discharge was not for good cause, reduced the discharge to suspension without pay for two months, and ordered reinstatement.

Appellant argues that the arbitrator exceeded his authority by failing to defer to a previous "binding" arbitration award that interpreted the "good cause" provision of the same agreement in relation to excessive absenteeism and tardiness, though involving a different arbitrator, employer, and employee.

The arbitrator was empowered to review the propriety of the discharge under the provision of the collective bargaining agreement that "no regular employee . . . shall be discharged except for just cause." Moreover, the agreement contemplated imposition of a suspension as a lesser discipli-

* Honorable Robert L. Kunzig, Judge of the United States Court of Claims, sitting by designation.

nary penalty for employee misconduct. The arbitrator was cognizant of and took into consideration the prior arbitration award to which appellant referred, apparently distinguishing or disapproving the prior ruling. He resolved the dispute by considering the proper sources—the terms of the collective bargaining agreement and the "common law" of the industry. *Anaconda Co. v. Great Falls Mill & Smeltermen's Union,* 402 F.2d 749, 751–52 (9th Cir. 1968).

Judicial Review of arbitration awards is limited. An award is legitimate so long as it "draws its essence" from the collective bargaining agreement and does not "manifest an infidelity" to the agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597–99, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). "[I]f, on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases and the award must be affirmed." *Holly Sugar Corp. v. Distillery Union,* 412 F.2d 899, 903 (9th Cir. 1969).

The award in this case satisfies these criteria. We reject appellant's contention that the arbitrator was bound by the prior arbitration award. Absent a provision in the contract to the contrary, the arbitrator could reasonably conclude that strict adherence to stare decisis would impair the flexibility of the arbitral process contemplated by the parties. But even if the arbitrator were incorrect in this assessment of the parties' intent and erred in not following the prior arbitral award, we would not for that reason vacate the award. *See Washington-Baltimore Newspaper Guild v. Washington Post Co.,* 143 U.S.App. D.C. 210, 215, 442 F.2d 1234, 1239 (1971).

The Union's request for costs and damages under Rule 38, Federal Rules of Appellate Procedure, is denied.

Affirmed.