**CARPENTERS 46 NORTHERN CALI-FORNIA COUNTIES CONFERENCE BOARD, Petitioner,**

v.

**M. L. MEDDLES, individually and dba M. L. Meddles Co.; Does I–X, Inclusive, Respondent.**

**No. C–81–1159 TEH.**

United States District Court, N. D. California.

Dec. 16, 1981.

---

Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for petitioner.

Thierman & Simpson, San Francisco, Cal., for respondent.

## OPINION AND ORDER

HENDERSON, District Judge.

Petitioner's motion to confirm an arbitration award and respondent's motion to vacate the same award came on for hearing before this Court on November 30, 1981. The Court has considered the arguments and papers of both parties, as well as the results of the Court's own research, and accordingly is compelled to deny the motion to vacate and grant the motion to confirm the arbitration award.

### FACTS

On September 2, 1980, an arbitration decision and award was filed in grievance proceedings between the Carpenters Union and Meddles, the employer. Respondent Meddles was served with the arbitration decision and award on September 6, 1980.

On January 28, 1981, the Carpenters Conference Board filed in California state court a Petition to Confirm the arbitration

award. Because the Petition to Confirm was filed within one year from the date of the arbitration award, it was timely under both California and federal arbitration statutes. Cal.Civ.Proc.Code § 1288; 9 U.S.C. § 9.

On February 2, 1981, the California court issued an Order to Show Cause why the Petition to Confirm should not be granted, setting the return for March 18, 1981.

On March 17, 1981, one day before the state court hearing, respondent Meddles removed the Petition to Confirm to this Court.

On August 17, 1981, respondent Meddles filed two documents in this Court. One was a Petition to Vacate the Arbitration Award, with supporting Points and Authorities and affidavits. The other was a document entitled "Response to Petition for Confirmation of Arbitration Award." The "Response" characterizes the Petition to Confirm as a complaint and responds to the allegations of the petition, as well as alleging certain affirmative defenses. The affirmative defenses alleged by respondent Meddles are essentially the same as the grounds on which the Petition to Vacate is premised.

Basically, respondent Meddles contends that the arbitrator was without jurisdiction to render a decision and award. This contention is premised on two objections. The first objection raised by respondent Meddles is that the pre-hire agreement, of which the arbitration clause is a part, is unenforceable because there has been no showing of the Union's majority support. The second objection offered in support of the contention that the arbitrator lacked jurisdiction and, therefore, the award is invalid, is that Meddles expressly abrogated the contract in October 1978.

## MOTION TO VACATE

Under either the federal or California statute of limitations, respondent's Petition to Vacate is untimely and therefore must be dismissed. Accordingly, the motion to vacate the arbitration award must be denied.

There is authority that the applicable statute of limitations for petitions to vacate arbitration awards is that established under federal rather than state law. *Lumber, Production & Industrial Workers, Local 3038 v. Champion Internat'l Corp.*, 486 F.Supp. 812 (D.Mont.1980); *Communications Workers of Amer. v. Pacific Tel. and Tel.*, 462 F.Supp. 736 (C.D.Cal.1978).

Under the Federal Arbitration Act, a motion to vacate an arbitration award must be served on the adverse party, the petitioner in this case, within three (3) months from the date the arbitration award is filed. 9 U.S.C. § 12; *Lumber, Production & Industrial Works, Local 3038 v. Champion Internat'l Corp., supra,* 486 F.Supp. at 812. The arbitration award in this case was filed on September 2, 1980. Thus, any motion to vacate was required to be served on or before December 2, 1980. Respondent Meddles' petition, which should be treated as a motion for these purposes, was served on August 17, 1981, eight and one-half months late. Accordingly, the Petition to Vacate must be dismissed. *Id.* at 813; *Communications Workers of Amer., supra,* 462 F.Supp. at 739.

The Court also notes that the federal statute of limitations under 9 U.S.C. § 12 has been held applicable even where the party seeking to vacate the arbitration asserts, as the respondent does here, that the arbitrator lacked jurisdiction to enter the award. *DeLorto v. United Parcel Service, Inc.,* 401 F.Supp. 408, 409 (D.Mass.1975).

The outcome is the same if California law is applied. Under Cal.Civ.Proc.Code § 1288, the statute of limitations on petitions to vacate arbitration awards runs for 100 days from the date of service, rather than the date of filing, of the arbitration award. In this case, the arbitration award was served on respondent Meddles on September 6, 1980. A timely petition to vacate would therefore have been filed and served on or before December 15, 1980. Thus, under California law, the Petition to Vacate is eight months late and should be dismissed.

In the absence of a timely motion or petition to vacate the arbitration award, respondent's motion to vacate the award is not properly before the Court, and must be denied.

## MOTION TO CONFIRM

### Standard of Review

The standard for review of arbitration decisions under the circumstances presented by this case are well established.

An award is legitimate so long as it 'draws its essence' from the collective bargaining agreement and does not 'manifest an infidelity' to the agreement . . . '[I]f, on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases and the award must be affirmed.'

*Riverboat Casino, Inc. v. Local Joint Executive Board of Las Vegas*, 578 F.2d 250, 251 (9th Cir. 1978). *See also United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597–99, 80 S.Ct. 1358, 1361–62, 4 L.Ed.2d 1424 (1960).

■ By virtue of the terms and conditions of the collective bargaining agreement between the Carpenters Union and respondent Meddles, the parties agreed that all decisions rendered through arbitration would be final and binding. Under such circumstances, judicial review of arbitration awards is limited. *Riverboat Casino, supra*, 578 F.2d 250. The arbitration award at issue sufficiently represents a plausible interpretation of the contract so as to terminate judicial inquiry and compel confirmation. *Holly Sugar Corp. v. Distillery Union*, 412 F.2d 899 (9th Cir. 1969).

### Timeliness of Respondent's Response

A threshold determination that must be made, and one that controls the outcome of the instant action, is whether the objections raised in the "Response to Petition to Confirm the Arbitration Award" were timely.

We note again that the objections raised in the "Response" are identical to the grounds on which the respondent's untimely Petition to Vacate was based.

■ In *Chauffeurs, Teamsters, etc. v. Jefferson Trucking Co., Inc.*, 628 F.2d 1023 (7th Cir. 1980), the Seventh Circuit held that, after the statutory period for a motion to vacate has expired, a party 'is barred from using the statutory grounds for vacating an award in defense of a motion to enforce an arbitration award. Though other courts have refused to find such a bar, *see, e.g., Chauffeurs U. No. 364 v. Ruan Transp. Corp.*, 473 F.Supp. 298, 303 (N.D. Ind.1979), we find the Seventh Circuit's rationale compelling, and adopt the rule set forth in the *Jefferson Trucking* case in the context of a motion to confirm.*

As the Seventh Circuit noted, the cases stating a rule contrary to the one adopted here are based upon a misreading of *The Hartbridge*, 57 F.2d 672 (2d Cir.), *cert. denied, Munson Steamship Line v. North of England Steamship Co.*, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1932). In that case, a motion to confirm was made within one month of the award. Under such circumstances, the court indicated that a motion to vacate still could be filed timely within the three month period, even though filed after the motion to confirm. Neither the district court cases relying on *The Hartbridge* nor the instant one involve a similar situation in which the three month period for moving to vacate had not yet elapsed.

■ Furthermore, Section 9 of the United States Arbitration Act, 9 U.S.C. § 9, directs the district court to grant a motion to confirm unless the award has been vacated pursuant to a motion to vacate brought within the three month limitations period. The clear import of this statutory instruction is that challenges to an arbitration award are to be brought via a timely motion to vacate, not by way of defenses based upon the statutory grounds for vacating raised in response to a motion to confirm.

---

* Though the *Jefferson Trucking* case involved a suit to enforce an arbitration award rather than a motion to confirm an arbitration award, the rationale of the case is nonetheless applicable in the context of a motion to confirm. *See, Jefferson Trucking, supra*, 628 F.2d at 1026.

Finally we note that important policy considerations weigh against allowing the grounds for an untimely motion to vacate to be raised as a defense to a motion to confirm. The purpose of the brief period prescribed for filing motions to vacate awards is to accord prompt finality to the arbitration award. This policy would be impaired were it possible for a respondent to ignore an award unfavorable to him/her, not move to vacate it in a timely fashion, and then seek to upset the award when the petitioner brings a motion to confirm or enforce it. *Jefferson Trucking, supra,* 628 F.2d at 1027. This consideration is especially compelling in the instant case where respondent Meddles not only seeks to raise objections to the award more than a year after it was issued but also further contributed to delay by waiting until the day before this matter would have been resolved in state court before removing it to federal court.

Thus, the objections raised by respondent Meddles in the "Response to Petition for Confirmation of Arbitration Award" are not properly before the Court and cannot control the outcome of petitioner's motion to confirm.

### Respondent's Objections

Though, as indicated above, the respondent's objections to the arbitration award are not timely and thus are not at issue here, the objections would fail even if they had been made in timely fashion.

█ First, as to the respondent's contention that the prehire agreement involved here is unenforceable because there has been no showing of the union's majority support, we note the opinion issued on April 1, 1981 in *Laborers Health and Welfare Trust Fund for Northern California, et al. v. Gus Navarette, et al.,* C–80–4479–TEH. This Court therein held that a union's lack of majority status is not a bar to the enforcement of a prehire agreement.

█ With respect to the argument that the arbitrator lacked jurisdiction because respondent Meddles expressly abrogated the contract in October, 1978, we observe that this contention must fail under the law of this Circuit.

In *California Trucking Association v. Brotherhood of Teamsters,* No. 77–3445 (9th Cir. Oct. 19, 1981), the Ninth Circuit ruled that

it is now settled that the issue whether repudiation has occurred must normally be submitted to arbitration when the contract calls for arbitral resolution of questions arising under the collective bargaining agreement.

*California Trucking, supra.* See also *Rochdale Village, Inc. v. Public Service Employers Union,* 605 F.2d 1290 (2nd Cir. 1979).

None of the circumstances of this case take it outside of the operation of the normal rule as stated in *California Trucking.*

### Conclusion

Though the Court, in response to questions from counsel at the November 30 hearing, inadvertently indicated that the basis for the order granting the motion to confirm went to the merits of respondent's objections, it should now be clear, in light of the foregoing analysis, that the Order of the Court is based upon the failure of the respondent to file timely objections to the arbitration award.

IT IS HEREBY ORDERED that respondent's motion to vacate the arbitration award is denied, and respondent's petition to vacate the arbitration award is dismissed with prejudice as untimely filed.

Furthermore, the arbitration award representing a plausible interpretation of the contract,

IT IS HEREBY ORDERED that petitioner's motion to confirm the arbitration award is granted, petitioner to recover reasonable attorney's fees subject to proof, in accordance with subparagraph 13 of the grievance procedure provision of the applicable Master Agreement.