BUZZ OATES ENTERPRISES; Panattoni, Oates & Massie; Massie & Oates, Petitioners/Cross-Respondents,

v.

SACRAMENTO AREA DISTRICT COUNCIL OF CARPENTERS, Respondents/Cross-Petitioners.

No. C–81–3827 SAW.

United States District Court, N. D. California.

March 9, 1982.

**482**

Dennis R. Murphy, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for petitioners/cross-respondents.

Michael B. Roger, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for respondents/cross-petitioners.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Petitioners move for summary judgment on their petition to vacate an arbitration award made in favor of respondent (Union). Two of the petitioners—Buzz Oates Enterprises, a partnership, and Panattoni, Oates & Massie, a partnership—were signatories to collective bargaining agreements which, by their terms, expired on June 15, 1980. The Union contends that the third petitioner—Massie & Oates, a partnership—is bound by the collective bargaining agreement executed by Panattoni, Oates & Massie. On April 8, 1980, Buzz Oates Enterprises sent the Union a notice stating that all contracts between it and the Union would be terminated at their expiration date. Panattoni, Oates & Massie sent a similar notice to the Union on April 9, 1980. The Union filed notices of grievances against petitioners on August 30, 1980, alleging violations of the subcontracting provisions contained in the collective bargaining agreements.

An arbitration on the grievances was commenced on November 26, 1980. The parties stipulated that the Arbitrator would rule initially only on one issue: Whether the provisions of the collective bargaining agreements were broad enough to require arbitration as to events occurring after the expiration of the agreements, but before the parties reached an impasse in subsequent negotiations or signed new agreements. If the Arbitrator ruled in favor of the Union, there were to be further proceedings to resolve the grievances. In a detailed opinion, the Arbitrator held that the arbitration provisions of the respective collective bargaining agreements survived the expiration of those agreements. Further, the Arbitrator held (1) that by virtue of Section 8(a)(5) of the National Labor Relations Act, the subcontracting provisions of the agreements survived the termination of the agreements, and (2) that petitioners were in violation of those subcontracting provisions. The Union was awarded monetary and injunctive relief.

Petitioners move for summary judgment. They argue (1) that the Arbitrator exceeded his authority by giving a full remedy for the grievances without conducting evidentiary hearings, and (2) that they were not

obligated under the respective agreements since the agreements were prehire agreements under Section 8(f) of the NLRA and had been terminated as of June 15, 1980. Petitioner Massie & Oates also argues that the Arbitrator had no jurisdiction over it since it had never signed a collective bargaining agreement. The Union admits that the Arbitrator exceeded his authority with respect to the remedy in this case, but urges that the case should be remanded to the Arbitrator for clarification and for further hearings with respect to the underlying factual dispute.

It is clear that the Arbitrator's award must be vacated.

The parties agreed that, as a first step, the Arbitrator would decide only the legal issue of "whether or not following timely notice of cancellation but before impasse the employer is in violation of his obligation . . . under the agreement, and if so, whether or not [the Arbitrator has] jurisdiction to deal with these issues . . ." (Tr. p. 7). The Arbitrator was to deal with the factual questions underlying the Union's grievances only if he ruled in the Union's favor on the legal questions (Tr. p. 8), and only after further evidentiary hearings (*id.*). In making his award, the Arbitrator decided the factual questions underlying the dispute without holding such hearings. The award must therefore be set aside as to all matters except for the Arbitrator's determination that the collective bargaining agreement compelled arbitration for all grievances based on events occurring after the expiration of the agreement but prior to impasse.

The parties agree that Massie & Oates is not a party to any collective bargaining agreement. The award must therefore be set aside in its entirety as to Massie & Oates.

The issue remains as to whether this matter must be remanded to the Arbitrator for further proceedings, or whether the Court must rule on petitioners' argument that their legal obligations to the Union terminated when the contracts expired. Petitioners contend (1) that the subject agreements were Section 8(f) prehire agreements, and were thus either unenforceable or void after their termination, and (2) that the Union never attained majority status, and thus the agreements never "matured" into collective bargaining agreements which, by virtue of Section 8(a)(5) of the NLRA, remained effective after the termination of the agreement and prior to impasse.

The Court concludes that the matter must be remanded to the Arbitrator for further proceedings. The Arbitrator has decided that the instant dispute is arbitrable. The parties agreed to submit the issue of arbitrability to the Arbitrator. There is thus no question that the issue submitted to the Arbitrator was arbitrable. *Ficek v. Southern Pacific Company*, 338 F.2d 655, 656–57 (9th Cir. 1969); *International Brotherhood of Teamsters v. Washington Employers, Inc., et al.*, 557 F.2d 1345, 1350 (9th Cir. 1977).

The scope of the Court's review of the merits of the Arbitrator's decision on the issue presented to him by agreement of the parties is very limited. Basically, an arbitrator's award is legitimate so long as it "draws its essence" from the collective bargaining agreement. *Riverboat Casino, Inc. v. Local Joint Executive Board of Las Vegas*, 578 F.2d 250, 251 (9th Cir. 1978). An argument could be made that, in the instant case, the Arbitrator's decision did not draw its essence from the agreements. The Arbitrator's conclusion that petitioners' obligations under the subcontracting provisions of the agreements survived the termination of the agreements pending impasse was not based on an interpretation of the contracts. Rather, it was based on a review of the National Labor Relations Act. This Court has recently held that an employer's obligations under the NLRA to continue in effect certain provisions of a collective bargaining agreement after termination but before impasse is not a contractual obligation upon which a breach of contract action may be predicated, but is a statutory obligation which can be enforced only via an unfair labor practice proceeding. *Laborers Health and Welfare Trust Fund for Northern Cali-*

**484**

fornia, et al., v. Gilbert M. Labrucherie, et al., No. C–81–1236 SAW (N.D.Cal., Feb. 26, 1982). *Accord, Cement Masons Health and Welfare Trust Funds for Northern California, et al., v. Kirkwood Bly, Inc., et al.,* 520 F.Supp. 942 (N.D.Cal., 1981). The Court would therefore hesitate to confirm the Arbitrator's decision if he had concluded that the dispute is arbitrable because the NLRA (as opposed to the contract itself) continued the agreements' arbitration clause in effect pending impasse. The Arbitrator indicated, however, that the instant dispute is covered by the arbitration clause not solely because that clause is continued in effect by virtue of the NLRA, but also because the broad scope of the clause reflects the parties' intention that all disputes concerning the interpretation and application of the collective bargaining agreement be submitted to arbitration, even if the dispute arises after the agreements' termination date and the agreements are applicable only by virtue of the NLRA. Thus, while the Arbitrator's decision is ambiguous, the Court cannot conclude that the decision does not "draw its essence" from the collective bargaining agreements. *Cf., United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (an ambiguity in the award which permits the inference that the arbitrator *may* have exceeded his authority is not a reason for refusing to enforce the award). The Court must therefore honor the Arbitrator's decision that the Union's grievance is arbitrable.

On remand, the Arbitrator must conduct evidentiary hearings on three issues. First, it must be determined whether petitioners' termination of their respective agreements ended all of their obligations to abide by the terms of the agreements. If, as petitioners contend, the agreements were pre-hire agreements which had not matured into collective bargaining agreements by the time of their termination, petitioners had no obligation to abide by any of the agreements' terms pending impasse. Second, it must be determined whether the parties did or did not bargain to an impasse. Third, the Arbitrator must determine whether petitioners did in fact violate the subcontracting provisions of the agreements. Accordingly,

IT IS HEREBY ORDERED that petitioners' motion for summary judgment is partially granted. With respect to petitioners Buzz Oates Enterprises and Panattoni, Oates & Massie, the Arbitrator's award is vacated as to all matters except the Arbitrator's determination that the subject collective bargaining agreements compelled arbitration of the Union's grievances. With respect to petitioner Massie & Oates, the Arbitrator's award is vacated in its entirety.

IT IS FURTHER HEREBY ORDERED that this case is remanded to the Arbitrator for proceedings consistent with this Order.