[No. AO15424. First Dist., Div. Five. Nov. 29, 1983.]

NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS,
Plaintiff and Appellant, v.
ROBLES CONCRETE COMPANY, Defendant and Respondent.

COUNSEL

Victor J. Van Bourg, Blythe Mickelson, David A. Rosenfeld and Van Bourg, Allen, Weinberg & Roger for Plaintiff and Appellant.

Paul V. Simpson, Robert M. Pattison and Thierman, Simpson & Cook for Defendant and Respondent.

## OPINION

**LOW, P. J.**—In this case, we hold that when a prehire agreement is effectively repudiated, it is unnecessary to arbitrate any dispute arising under the agreement.

Plaintiff and appellant Northern California District Council of Laborers, on behalf of Laborers Union No. 304, AFL-CIO appeals from the judgment of the San Francisco Superior Court vacating an arbitration award in favor of appellant and awarding attorneys' fees to defendant and respondent Robles Concrete Company. Appellant contends that (1) the trial court is without jurisdiction to hear respondent's defenses of repudiation, estoppel and laches; (2) the trial court's conclusion that respondent effectively repudiated its contract with appellant is in error; and (3) the trial court erred in awarding attorneys' fees to respondent. We affirm.

Respondent, a concrete contracting business, is the sole proprietorship of Michael R. Robles. On October 8, 1976, Robles signed a memorandum agreement binding respondent to the terms and conditions of the 1974-1977 laborers master agreement between the Associated General Contractors of California, Inc. and Northern California District Council of Hod Carriers, Building and Construction Laborers, an AFL-CIO affiliate. The parties do not dispute the trial court finding that the above contract is a "prehire agreement" authorized by section 8(f) of the National Labor Relations Act (hereafter NLRA) (29 U.S.C. § 158(f)). In both its opening and reply briefs, appellant proceeds on the premise that the contract involved in the instant case is a prehire agreement executed pursuant to section 8(f) of the NLRA (29 U.S.C. § 158(f)). At no time in its briefs did appellant argue that the trial court's finding of fact, that "The Laborers' Master Collective Bargaining Agreement at issue herein was a 'pre-hire' agreement pursuant to 29 U.S.C. § 158(f) . . . ," is not supported by the evidence. Indeed it is supported by the record. Therefore, we decline to discuss the merits of appellant's contention, made for the first time at oral argument, that the contract in question is not a prehire agreement. At the time the agreement was signed, respondent employed no union laborers, but later hired one union laborer for approximately six months. Since early 1977, respondent has operated on a nonunion basis.

On April 20, 1977, respondent wrote to appellant advising the union that it was cancelling the prehire agreement "effective with the termination date of any current collective bargaining agreement between the Laborers' [*sic*] Union and Robles Concrete . . . ." On January 22, 1981, appellant filed a grievance alleging respondent's failure to abide by the terms of the prehire agreement since December 1, 1980. On February 18, 1981, the board of adjustment convened as prescribed in the prehire agreement. The arbitration panel determined that based upon the evidence presented, consisting only of the prehire agreement, respondent violated the agreement. Respondent did not attend the arbitration hearing.

Appellant filed a petition for confirmation of the arbitration award in San Francisco Superior Court on May 29, 1981. Respondent filed a petition to vacate the arbitration award on June 5, 1981. After the conclusion of the hearing, findings of fact and conclusions of law were made by the trial court and judgment was entered on September 18, 1981. The trial court found in pertinent part that appellant at no material time achieved majority status among respondent's workers, the prehire agreement was effectively repudiated by respondent, rendering it void and unenforceable, and the arbitrator lacked jurisdiction to issue an award.

Appellant states in its opening brief that "[f]ederal substantive law must be applied in this case," because jurisdiction is concurrently vested in state and federal courts. In its reply brief, appellant states, "This case involves the exercise of a state court's concurrent jurisdiction under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185)." ■ Those statements are correct and we apply federal substantive law to the issues raised on this appeal. (*O'Malley* v. *Wilshire Oil Co.* (1963) 59 Cal.2d 482, 486 [30 Cal.Rptr. 452, 381 P.2d 188]; *Safeway Stores, Inc.* v. *Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430, 436 [147 Cal.Rptr. 835]; *University of San Francisco Faculty Assn.* v. *University of San Francisco* (1983) 142 Cal.App.3d 942, 945, fn. 1 [191 Cal.Rptr. 346].) We are baffled by appellant's contradictory oral argument that the state court was without jurisdiction and erred in applying other than state law.

Appellant contends that the trial court is without jurisdiction to hear respondent's defenses of repudiation, estoppel and laches because the prehire agreement specifies an arbitration procedure for resolution of disputes arising under the agreement. In support of its contention, appellant cites the general rule as stated in *Cal. Trucking Ass'n.* v. *Broth. of Teamsters* (9th Cir. 1981) 679 F.2d 1275, 1282, that "the issue whether repudiation has occurred must normally be submitted to arbitration when the contract calls for arbitral resolution of questions arising under the collective bargaining

agreement. *Rochdale Village, Inc.* v. *Public Service Employers Union,* 605 F.2d 1290, 1297 (2nd Cir. 1979); *Auto, Marine & Specialty Painters* v. *Bay Area Sealers, Inc.,* 577 F.2d 609, 610 (9th Cir. 1978); *H & M Cake Box, Inc.* v. *Bakery & Confectionery Workers International Union,* 493 F.2d 1226, 1231 (1st Cir.), *cert. denied,* 419 U.S. 839, 95 S.Ct. 68, 42 L.Ed.2d 66 (1974)." Appellant also cites dicta in *Carpenters 46 N. Cal. Counties Conf.* v. *Meddles* (N.D.Cal. 1981) 535 F.Supp. 775, 779, which indicates that the *California Trucking Association* rule applies to prehire contracts.

In *Jim McNeff, Inc.* v. *Todd* (1983) 461 U.S. 260, 269-271 [75 L.Ed.2d 830, 838-839, 103 S.Ct. 1753, 1758-1759], the court held that in a breach of contract suit under section 301 of the Labor Management Relations Act (hereafter LMRA), a prehire agreement is enforceable until it is repudiated by the employer. The "[section] 8(f) prehire agreement is subject to repudiation until the union establishes majority status," because of "the voidable nature of prehire agreements." ■ Thus, the right to repudiate a NLRA prehire agreement is a matter of substantive federal law, regardless of the terms of the agreement itself.

Appellant's reliance on *Carpenters 46 N. Cal. Counties Conf.* v. *Meddles, supra,* 535 F.Supp. 775, 799, is misplaced. The *Meddles* opinion was decided before *Jim McNeff, Inc.* and sets forth no reason for its proposition that the rule of *California Trucking Association* applies to prehire contracts as well as to collective bargaining agreements. There are important distinctions between collective bargaining agreements and prehire agreements. "Congress intended that prehire agreements not have the same status as contracts between an employer and a recognized majority union." (*Washington Area Carpenters'* v. *Overhead Door Co.* (D.C. Cir. 1982) 681 F.2d 1, 9, cert. den., 461 U.S. 926 [77 L.Ed.2d 296, 103 S.Ct. 2085].)

■ Respondent's defenses were properly before the trial court. A prehire agreement is rendered void and unenforceable by an effective repudiation; a party is not required to abide by the terms of a void instrument.

Appellant contends that the trial court's conclusion that respondent effectively repudiated the prehire agreement is erroneous as a matter of law. Appellant in part relies on one side of a split among federal courts, which held that in LMRA section 301 suits, prehire agreements were not voidable by a party prior to union attainment of majority status, but were fully enforceable. (*Contractors, etc.* v. *Associated Wrecking Co.* (8th Cir. 1981) 638 F.2d 1128; *New Mexico Dist. Council, etc.* v. *Mayhew Co.* (10th Cir. 1981) 664 F.2d 215.) Unfortunately for appellant, *Jim McNeff, Inc.* v.

*Todd, supra,* 461 U.S. at pages 269-271, [75 L.Ed.2d at p. 839, 103 S.Ct. at pages 1758-1759], resolved the federal court conflict against appellant's authority by holding that in a breach of contract suit under LMRA section 301, a prehire agreement is subject to repudiation until the union establishes majority support.

Appellant also contends that respondent's actions were insufficient to warrant the trial court's conclusion that the prehire agreement was repudiated. In *Jim McNeff, Inc.,* the court states, "It is not necessary to decide in this case what specific acts would affect the repudiation of a prehire agreement— sending notice to the union, engaging in activity overtly and completely inconsistent with contractual obligations, or, as respondents suggest, precipitating a representation election pursuant to the final proviso in [NLRA section] 8(f) that shows the union does not enjoy majority support." (*Jim McNeff, Inc.* v. *Todd, supra,* 461 U.S. at pp. 270-271, fn. 11 [75 L.Ed.2d at p. 839, fn. 11, 103 S.Ct. at p. 1759, fn. 11].) Thus, the amount or type of employer action required to repudiate a prehire agreement is an open question.

In the instant case, respondent's conduct coincides in several instances with the United States Supreme Court's list of probable acts of repudiation, *supra,* 461 U.S. 260 . Respondent's 1977 letter expressly notified the union that respondent would not comply with the prehire agreement. Respondent operated on a nonunion basis since 1976, when it terminated the employment of its union worker. Appellant concedes that respondent ceased to abide by the terms of the prehire agreement in 1976. Appellant does not challenge the trial court's finding that appellant at no material time attained majority support among respondent's employees. There is substantial evidence in support of the trial court conclusion that the prehire agreement was effectively rendered void and unenforceable by respondent's repudiation of the contract.

Code of Civil Procedure section 1286.2, subdivision (d), requires the court to vacate an arbitration award where "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted . . . ." In the instant case, no agreement to arbitrate existed. The arbitration board's decision exceeded its powers and the trial court correctly vacated the arbitration award.

Lastly, appellant contends that the trial court's conclusion of law No. 10 that "[r]espondent-[p]etitioner is entitled to reasonable attorneys' fees pursuant to California Civil Code, section 1717" is in error. The reason set forth by appellant is that the Civil Code section applies only "where the contract specifically provides that attorney's fees . . . shall be awarded

. . . ," and in the case at hand, the prehire agreement does not contain such a provision. (Civ. Code, § 1717.)

■ The rule on appeal is "[i]f the *decision* of the lower court is right, the judgment or order will be affirmed regardless of the correctness of the grounds upon which the court reached its conclusion." (6 Witkin, Cal. Procedure (2d ed. 1971) § 226, pp. 4215-4216.) ■ Federal case law makes clear that in a suit brought under section 301 of the LMRA, the award of attorneys' fees is within the discretion of the trial court. (*Intern. Ass'n. of Machinists* v. *Texas Steel Co.* (5 Cir. 1976) 538 F.2d 1116, 1121-1122; *General Drivers & H.U., L. 554* v. *Young Hay Transp. Co.* (8th Cir. 1975) 522 F.2d 562, 568.) "[S]tate procedural law may not be applied in such [LMRA, § 301] cases if it would impede the uniform application of the federal statute essential to effectuate its purpose. [Citations.]" (*Safeway Stores, Inc.* v. *Brotherhood of Teamsters, supra,* 83 Cal.App.3d 430, 436.) In accordance with the desirability of uniform decisions in the area of labor relations, we hold that the state court has the discretion to award attorneys' fees in an LMRA section 301 case.

At the trial court hearing in the instant case, both parties prayed for an award of attorneys' fees. The trial court did not abuse its discretion in awarding reasonable attorneys' fees to respondent. Respondent also is entitled to reasonable attorneys' fees and to costs on appeal in an amount to be determined by the trial court.

The judgment is affirmed.

King, J., and Haning, J., concurred.