[No. A047923. First Dist., Div. Five. Sept. 28, 1990.]

CARPENTERS HEALTH AND WELFARE TRUST FUND et al., Plaintiffs and Appellants, v.
ACME INDUSTRIES, INC., et al., Defendants and Respondents.

COUNSEL

Van Bourg, Weinberg, Roger & Rosenfeld, Victor J. Van Bourg, Michael B. Roger, Robert M. Hirsch, Blythe Mickelson, M. Catherine Jones and Lora Jo Foo for Plaintiffs and Appellants.

Ellen S. Lewis for Defendants and Respondents.

OPINION

**KING, J.**—In this case we hold that Civil Code section 1717 is preempted by section 301(a), of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185(a)) as to an employer not a party to a collective bargaining agreement, but claimed to be a party's alter ego.

■ This appeal by several employee benefit plans and express trusts (hereafter the Trust Funds) challenges an award of attorney fees under Civil Code section 1717. Various collective bargaining agreements between the Trust Funds and employers required the employers to make fringe benefit contributions to the Trust Funds. Acme Industries, Inc., was a party to one of those agreements, which authorized the Trust Funds to audit employers' payroll records to ensure compliance with the contribution requirements.

The Trust Funds sued to compel an audit of Acme's payroll records. The complaint was later amended to allege that The Garage Door Store, Inc.

(GDS), should be compelled to submit to an audit because GDS was Acme's alter ego. Acme was dismissed from the action, and the case went to trial against GDS. The court ruled for GDS, finding it was not Acme's alter ego.

The collective bargaining agreement provided, "Any individual employer who refuses audit entry shall pay all the legal fees and costs necessary for compliance of audit entry." Based on this clause and the reciprocal attorney fees provision in Civil Code section 1717, the trial court awarded GDS its attorney fees in the sum of $18,000. The Trust Funds filed an appeal challenging only the award of attorney fees.

■■ ■ Section 301(a), of the LMRA confers federal jurisdiction over lawsuits for violation of collective bargaining agreements. (29 U.S.C. § 185(a).) State courts have concurrent jurisdiction, but they must "apply federal law in exercising jurisdiction over litigation within the purview of § 301(a)." (*Teamsters Local* v. *Lucas Flour Co.* (1962) 369 U.S. 95, 102 [7 L.Ed.2d 593, 598, 82 S.Ct. 571].)

In state court litigation, incompatible doctrines of state law are preempted due to the need for uniformity. "The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract. Once the collective bargain was made, the possibility of conflicting substantive interpretation under competing legal systems would tend to stimulate and prolong disputes as to its interpretation. Indeed, the existence of possibly conflicting legal concepts might substantially impede the parties' willingness to agree to contract terms providing for final arbitral or judicial resolution of disputes." (369 U.S. at pp. 103-104 [7 L.Ed.2d at p. 599], fn. omitted.)

Attorney fees are available in litigation under section 301 of the LMRA only when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. (See *Alyeska Pipeline Co.* v. *Wilderness Society* (1975) 421 U.S. 240, 258-259 [44 L.Ed.2d 141, 153-154, 95 S.Ct. 1612].) There is no federal rule comparable to Civil Code section 1717 for reciprocal recovery of attorney fees in LMRA cases. Consequently, in state court litigation between parties to a collective bargaining agreement, Civil Code section 1717 is preempted. (*Carpenters 46 Northern Cal. Counties Conf. Bd.*

v. *Jones & Anderson* (1987) 195 Cal.App.3d 1221, 1232 [236 Cal.Rptr. 321].) " 'Uniformity would be defeated, with few, if any, countervailing benefits, by applying fifty different state laws on the issue of attorney's fees.' " (*Ibid.*, quoting *Waggoner* v. *Northwest Excavating, Inc.* (9th Cir. 1981) 642 F.2d 333, 338-339, vacated and remanded on other grounds (1982) 455 U.S. 931 [71 L.Ed.2d 640, 102 S.Ct. 1417], reiterated (9th Cir. 1982) 685 F.2d 1224.)

In the present case the trial court's rejection of the alter ego theory meant that GDS was *not* a party to the collective bargaining agreement. The court relied on GDS's nonparty status to conclude that federal preemption did not apply. The question presented, therefore, is whether the preemption doctrine applies to state court litigation under LMRA section 301(a), when, due to rejection of an alter ego theory, the employer is found not to have been a party to the collective bargaining agreement.

We conclude the preemption doctrine still applies, for the following reasons.

First, the United States Supreme Court has not limited the doctrine's application to parties to collective bargaining agreements, but instead has characterized it more broadly as applying to "litigation within the purview of § 301(a)." (*Teamsters Local* v. *Lucas Flour Co., supra*, 369 U.S. at p. 102 [7 L.Ed.2d at p. 598].) This characterization encompasses the Trust Funds' claim, albeit unsuccessful, that GDS as Acme's alter ego had violated the collective bargaining agreement.

Second, the uniformity rationale has equal force in the present context. The possibility of varying legal consequences of a unilateral attorneys fee clause when an alter ego theory is unsuccessful could hinder the process of negotiating and administering a collective bargaining agreement, since labor could not be certain of the attorney fees rights obtained or conceded as against purported alter ego employers. (See 369 U.S. at pp. 103-104 [7 L.Ed.2d at p. 599].)

Third, as a general proposition, state laws are preempted if they would upset the balance of power between labor and management as expressed by national labor policy. (*Allis-Chalmers Corp.* v. *Lueck* (1985) 471 U.S. 202, 212, fn. 6 [85 L.Ed.2d 206, 216, 105 S.Ct. 1904].) Here, the potential for management to recover attorney fees under Civil Code section 1717 would upset that balance. The spectre of Civil Code section 1717 would inhibit litigation by labor based on an alter ego theory, thus altering the balance of power as it exists without similar federal authorization for recovery of attorney fees.

Finally, any reliance on GDS's nonparty status to avoid federal preemption would be inconsistent with recovery by GDS under Civil Code section 1717. Such recovery must depend on the rule that Civil Code section 1717 is available even where the prevailing litigant was not a party to the contract. (See, e.g., *Manier* v. *Anaheim Business Center Co.* (1984) 161 Cal.App.3d 503, 507 [207 Cal.Rptr. 508].) It would be paradoxical to hold that GDS's nonparty status was inconsequential as to Civil Code section 1717 yet dispositive as to federal preemption.

GDS contends, alternatively, that the award should be upheld as a proper exercise of the trial court's general discretion to award attorney fees in litigation under section 301 of the LMRA. GDS relies on our statement in *Northern Cal. Dist. Council of Laborers* v. *Robles Concrete Co.* (1983) 149 Cal.App.3d 289, 295 [196 Cal.Rptr. 776], that "in a suit brought under section 301 of the LMRA, the award of attorneys' fees is within the discretion of the trial court." But this statement must be read in conjunction with the requirement of bad faith for recovery of attorney fees in LMRA section 301 cases. (See *Alyeska Pipeline Co.* v. *Wilderness Society, supra*, 421 U.S. at pp. 258-259.) A fee award in LMRA section 301 cases is within the discretion of the trial court, but there must be a threshold showing of bad faith. Absent such a showing, any award is necessarily an abuse of discretion.[1] There is no claim or evidence of bad faith by the Trust Funds; hence the award cannot be upheld as a proper exercise of discretion.

The judgment is reversed as to the award of attorney fees in the sum of $18,000 and is affirmed in all other respects. The Trust Funds shall recover their costs on appeal.

Low, P. J., and Haning, J., concurred.

---

[1] Thus, as noted in *Carpenters 46 Northern Cal. Counties Conf. Bd.* v. *Jones & Anderson, supra*, 195 Cal.App.3d at page 1233, our generalized statement of the abuse of discretion standard in *Robles* perhaps did go "too far" (*ibid.*) to the extent it could be misconstrued as abandoning the threshold requirement of bad faith.