IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

February 08, 2024 02:34 PM
SCT-CIV-2020-0004
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| SBRMCOA, LLC, and SAPPHIRE BEACH RESORT AND MARINA CONDOMINIUM OWNERS ASSOCIATION,<br>Appellants/Plaintiffs,<br><br>v.<br><br>BEACHSIDE ASSOCIATES, LLC,<br>Appellee/Defendant. | S. Ct. Civ. No. 2020-0004<br>Re: Super. Ct. Civ. No. 570/2015 (STT) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas-St. John
Superior Court Judge: Hon. Renée Gumbs-Carty

Considered: March 9, 2021
Filed: February 8, 2024

Cite as 2024 VI 10

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Maria T. Hodge, Esq.**
Hodge & Hodge
St. Thomas, U.S.V.I.
    *Attorney for Appellants,*

**Neil D. Goldman, Esq.**
Goldman & Van Beek, P.C.
Alexandria, VA

**Gregory H. Hodges, Esq.**
Dudley Newman Feuerzeig LLP
St. Thomas, U.S.V.I.
    *Attorneys for Appellee.*

# OPINION OF THE COURT

**CABRET, Associate Justice.**

¶1      SBRMCOA, LLC, and Sapphire Beach Resort and Marina Condominium Association (collectively the "COA") appeal from the Superior Court's December 23, 2019 judgment, which confirmed an arbitration award concerning wastewater services provided by the Appellee Beachside Associates, LLC. We affirm.

## I. BACKGROUND

¶2      This matter involves a long and contentious dispute regarding the control of and charges for wastewater services at the Sapphire Beach Resort and Marina. Bayside Resorts, Inc. sponsored the creation of the Sapphire Beach Resort and Marina Condominium, and entered into an agreement with the COA, as the representative of all the Condominium's apartment owners, to provide sewage services in exchange for a reasonable charge. In 2005, Bayside Resorts defaulted on a promissory note and mortgage it owed to Beachside Associates, and abandoned its responsibilities to the COA, including its agreement to provide sewage services. The COA initially provided wastewater treatment on its own, but Beachside Associates began to provide this service after it successfully foreclosed on Bayside Resorts' mortgage and obtained ownership of the property, including the wastewater treatment plant. However, the COA and Beachside Associates could not agree on the cost of this service, resulting in the COA withholding payments to Beachside Associates.

¶3      On January 22, 2009, Beachside Associates and the COA executed an arbitration agreement, in which the Association agreed to make certain interim payments to Beachside Associates for the provision of sewage services, and that "the claims of Beachside against the COA for recovery of charges for treating the wastewater, and the challenges by the COA to the propriety of such charges, shall be determined by binding arbitration." (J.A. 188-89.) Beachside Associates made such a claim on February 15, 2013, alleging that the COA had failed to pay $1,095,993.85

in charges accrued since it began providing wastewater services. On February 14, 2013, the COA and Beachside Associates executed a stipulation in which they refined several of the procedures set forth in the arbitration clause, including agreeing that the matter had been referred to arbitration "pursuant to an 'all disputes' arbitration clause" and that "[t]hese arbitration proceedings shall be governed by the rules set forth in Exhibit 4 to this Stipulation . . . the law of the United States Virgin Islands, and 9 U.S.C.A. § 1 et seq." (J.A. 470.) Among the rules in Exhibit 4 to the stipulation was a provision providing that "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. or applicable state law." (J.A. 495.)

¶4    Ultimately, the arbitrator entered a final award on October 10, 2013, which fully incorporated an earlier partial final award entered on June 19, 2013. Among many other things, the arbitrator awarded Beachside Associates the sum of $1,042,516.00 plus unspecified interest for wastewater services it provided to the COA through September 23, 2013, and directed Beachside Associates to "[s]et up a payment plan with the COA to pay off the amount owed . . . over a period of five years with interest and flow charges being earned from and after September 23, 2013." (J.A. 156.)

¶5    Thereafter, both the COA and Beachside Associates filed motions with the Superior Court to vacate the award in part and affirm it in part. The Superior Court issued a judgment on June 8, 2015, in which it confirmed the award of $1,042,516.00 plus $15,851.62 in interest,[1] vacated numerous other provisions of the final award that are not relevant to this appeal, and also directed

---

[1] Although the final award did not include a specific monetary award for interest, the Superior Court determined the amount of interest owed by using the prejudgment interest rate the arbitrator established in the earlier partial final award. (J.A. 270.)

*SBRMCOA, LLC v. Beachside Assoc., LLC*      2024 VI 10
S. Ct. Civ. No. 2020 – 0004
Opinion of the Court
Page 4 of 11

that the matter be "REMANDED to the arbitrator to determine the precise terms of the five-year payment plan of the sums awarded in section 5 of the Final Award." (J.A. 271.) The COA and Beachside Associates both appealed the June 8, 2015 judgment to this Court, but this Court dismissed both appeals for lack of appellate jurisdiction because it did not constitute a final judgment within the meaning of title 4, section 32(a) of the Virgin Islands Code and no other basis for appellate jurisdiction existed. *SBRMCOA, LLC v. Beachside Associates, LLC*, S. Ct. Civ. No. 2015-0053, 2015 WL 9581398, at *3-4 (V.I. Dec. 28, 2015) (unpublished).

¶6     The arbitrator held hearings on March 2, 2016, and July 26, 2016, which culminated in issuance of a new award on August 22, 2016. In that award, the arbitrator established the precise terms of a five-year payment plan for both the earlier award and the new award. However, the arbitrator also considered a new claim by Beachside Associates premised on the COA's failure to pay for services provided between September 23, 2013, and April 26, 2016, and awarded it an additional $357,417.03 plus interest on that claim.

¶7     Beachside Associates filed a motion to confirm the August 22, 2016 award with the Superior Court on March 22, 2017. On April 17, 2017, the COA submitted a filing which requested confirmation of the portion of the August 22, 2016 award establishing the payment plan but requested that the award of $357,413.03 be vacated because it purportedly exceeded the scope of the Superior Court's remand order. Beachside Associates filed a reply on May 12, 2017, in which it alleged that the COA's vacatur request had been untimely because section 12 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 12, requires that a motion to vacate or modify an arbitration award be filed within three months of its issuance.

¶8     The Superior Court, in a December 23, 2019 judgment, confirmed the August 22, 2016 award in its entirety. Specifically, the Superior Court agreed with Beachside Associates that the

COA had waived its right to challenge any aspect of the August 22, 2016 award since it failed to comply with the limitations period found in section 12 of the FAA. The COA timely filed a notice of appeal with this Court on January 17, 2012. *See* V.I. R. APP. P. 5(a)(1).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶9　　　This Court has jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit 4, § 32(a). "[T]he denial of a motion to vacate an arbitration award constitutes a final judgment for purposes of section 32(a)." *Tremcorp Holdings, Inc. v. Harris*, 65 V.I. 364, 367 (V.I. 2016).

¶10　　　"When reviewing the Superior Court's decision to confirm an arbitration award, we exercise plenary review over the Superior Court's application of the law and review any findings of fact for clear error." *Gov't of V.I. v. St. Thomas/St. John Educ. Administrators' Ass'n, Local 101, o.b.o. Forde ("Forde")*, 67 V.I. 623, 628 (V.I. 2017).

### B. Post-Remand Arbitration Award

¶11　　　The COA, as its first issue on appeal, renews its argument that the arbitrator acted improperly by awarding Beachside Associates an additional $357,413.03 plus interest in the August 22, 2016 award on its new claim for failure to pay for services provided between September 23, 2013, and April 26, 2013. Surprisingly, the COA does not directly address the Superior Court's stated reason for declining to vacate that award: that the COA waived its objection to the award because it did not request vacatur or modification within the three-month limitations period in section 12 of the FAA.

¶12　　　This Court has held that only the substantive provisions of the FAA preempt Virgin Islands law, and even then, only in cases where the FAA applies due to a nexus with interstate commerce.

*See Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 442 n.2 (V.I. 2013) (citing *World Fresh Market v. P.D.C.M. Assocs.*, S. Ct. Civ. No. 2011-0051, 2011 WL 3851739, at *2 (V.I. Aug. 25, 2011) (unpublished)). Nevertheless, all provisions of the FAA—both substantive and procedural—will apply to any case in which the parties have unequivocally contracted for the FAA to govern the proceeding. *See Tremcorp Holdings, Inc. v. Harris*, 67 V.I. 601, 605 (V.I. 2017) (applying the three-month limitation period found in section 12 of the FAA when the parties agreed to arbitration "pursuant to the [FAA]").

¶13     Here, the COA and Beachside Associates agreed in their February 14, 2013 stipulation that "[t]hese arbitration proceedings shall be governed by the rules set forth in Exhibit 4 to this Stipulation . . . the law of the United States Virgin Islands, and 9 U.S.C.A. § 1 et seq." (J.A. 470.) Moreover, the agreed-upon rules include a rule specifically providing that "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. or applicable state law." (J.A. 495.) As such, the three-month limitations period codified in section 12 of the FAA applied to this particular arbitration proceeding even if it were not generally applicable to all arbitrations in the Virgin Islands.

¶14     Perhaps recognizing that its stipulated agreement and this Court's case law renders the three-month limitations period applicable, the COA frames its arguments in terms of the arbitrator flouting the authority of the Superior Court, emphasizing that the June 8, 2015 judgment contained "a simple and limited remand directive" which "w[as] explicit and fixed by the terms of the remand judgment," and that "[t]he arbitrator, well informed of the limits of his authority on remand imposed by the court, nevertheless announced his intention not to comply with the court's judgment" and engaged in "defiance" of the judgment. (Appellant's Br. 13.) But the COA fails

to recognize that section 12 of the FAA does not contain an exception to the three-month limitations period for motions to vacate or modify premised on arbitrators exceeding their authority. In fact, courts have consistently held that the three-month limitations period applies even when it is alleged that the arbitrator has exceeded his authority or jurisdiction. *See, e.g., Int'l Union of Operating Engineers, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 189 (7th Cir. 1996) (holding that to the extent the arbitrator acted without authority, the party "should have moved the district court within 90 days to vacate the award"); *Carpenters 46 Northern California Counties Conference Bd. v. Meddles*, 535 F.Supp. 775, 777 (N.D. Cal. 1981) ("The federal statute of limitations under 9 U.S.C. § 12 has been held applicable even where the party seeking to vacate the arbitration asserts ... that the arbitrator lacked jurisdiction to enter the award."); *DeLorto v. United Parcel Service, Inc.*, 401 F.Supp. 408, 409 (D.Mass.1975) (same). Consequently, the Superior Court correctly held that the COA waived its objection to the August 22, 2016 award due to its failure to seek vacatur or modification of that award within the three-month limitations period established in section 12 of the FAA.

## D. Manifest Disregard of the Law

¶15 The COA further contends that the Superior Court erred when it issued its June 8, 2015 judgment confirming the portions of the June 19, 2013 and October 13, 2013 awards that awarded $1,042,516.00 plus interest to Beachside Associates. According to the COA, the arbitrator manifestly disregarded the law, in that he purportedly failed to apply the common law doctrines of

officious intermeddler and unclean hands.[2]

¶16    As a threshold matter, it is highly unclear whether the Superior Court or this Court even possesses the authority to review an arbitrator's decision for a manifest disregard of the law. Although this Court in *Gov't of the V.I. v. St. Thomas/St. John Educational Administrators' Ass'n*, 67 V.I. 623 (V.I. 2017), recognized manifest disregard of the law as a basis for vacating an arbitration award, it did so in the limited context of establishing a common law rule to govern situations not governed by the FAA. *Id.* at 633. But in this case the parties expressly and unambiguously agreed for the FAA to govern the underlying arbitration proceedings and agreed to a rule providing that "[p]roceedings to enforce, confirm, modify or vacate an [a]ward will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. or applicable state law." (J.A. 470, 495.) Therefore, it is not the Virgin Islands common law of arbitration, but rather the FAA, that governs this issue.

¶17    Although the FAA sets forth several bases for vacating an arbitration award, manifest disregard of the law is not one of them. Nevertheless, prior to 2008, many federal appellate courts recognized manifest disregard as a nonstatutory basis for vacatur. *See Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 353 & n.3 (5th Cir. 2009) (collecting cases). However, in 2008 the United States Supreme Court strongly questioned whether manifest disregard represents an independent nonstatutory ground for vacating an arbitration award. *See Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 585 (2008). As a result, several federal courts of appeal

---

[2] Under the officious intermeddler doctrine, a person who voluntarily confers a benefit upon another is generally precluded from obtaining restitution. *See Tipper v. Great Lakes Chem. Co.*, 281 So.2d 10, 13 (Fla. 1973). "The unclean hands doctrine is an equitable tenet that demands one who seeks equitable relief to be free from wrongdoing in the matter before the court" so as "to prevent a party from reaping benefits from his misconduct." *Fairway Developers, Inc. v. Marcum*, 832 N.E.2d 581, 584-85 (Ind. Ct. App. 2005).

subsequently overruled their prior precedents adopting the manifest disregard standard as an independent nonstatutory ground for vacatur, based on the *Hall Street* decision's implication that the FAA only permits a court to vacate an arbitration award pursuant to the grounds expressly set forth in the statute, *see, e.g., Citigroup*, 562 F.3d at 358; *Ramos–Santiago v. United Parcel Serv.*, 524 F.3d 120, 124 n.3 (1st Cir. 2008), while other courts maintained the manifest disregard standard but recast it to only include the factors set forth in section 10 of the FAA, *see, e.g., Stolt–Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 93–95 (2d Cir. 2008); *Comedy Club Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009).

¶18     Nevertheless, even if the manifest disregard standard remains a valid basis for vacating an arbitration award despite the United States Supreme Court's decision in *Hall Street*, that standard has not been met with respect to either of the COA's claims. Prior to *Hall Street*, it was well-established that to obtain vacatur of an arbitration award based on a manifest disregard for the law, the party seeking vacatur was required to prove "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator[ ] refused to heed that legal principle." *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345 (4th Cir. 2008) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995)).

¶19     Here, the doctrines of unclean hands and officious intermeddler are not clearly defined in the Virgin Islands and are certainly subject to reasonable debate. In its appellate brief, the COA cites to no statute or decision of this Court adopting either doctrine as the law of the Virgin Islands—nor could it cite to any such case law, because it does not exist. Rather, the COA asserts that "[t]he clear law in the Virgin Islands" with respect to both doctrines "is set out in the Restatement of Restitution." (Appellant's Br. 23-24.) But it is now well-established that "mechanistic and uncritical reliance on the Restatements" as stating the law of the Virgin Islands

is not appropriate, for "the Restatements no longer hold an automatic preferred status in Virgin Islands law, but as in all other jurisdictions, merely represent persuasive authority, just like law review commentaries and decisions rendered by courts outside of the Virgin Islands." *Gov't of the V.I. v. Connor*, 60 V.I. 597, 602 (V.I. 2014). It is axiomatic that an arbitrator could not have manifestly disregarded the law of the Virgin Islands in failing to apply the doctrines of unclean hands and officious intermeddler when there is no valid statute or binding precedent of this Court adopting those common law rules. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 884 (9th Cir. 2007) (holding that an arbitrator cannot manifestly disregard the law when no binding precedent exists on that point of law). Therefore, even if manifest disregard for the law remains a basis for vacating an arbitration award under the FAA, the Superior Court committed no error by confirming the June 19, 2013, and October 13, 2013 awards.

## III. CONCLUSION

¶20     The COA waived its right to challenge the correctness of the August 22, 2016 award because it failed to seek vacatur or modification within the three-month limitations period set forth in section 12 of the FAA. And even if a court can review an arbitration award under the FAA for manifest disregard of the law, the Superior Court correctly confirmed the June 19, 2013, and October 13, 2013 awards since it is not clear, but rather reasonably debatable, whether the common law doctrines of unclean hands and officious intermeddler are recognized in the Virgin Islands. Accordingly, we affirm the June 8, 2015 and December 23, 2019 judgments of the Superior Court.

**Dated this 8ᵗʰ day of February, 2024.**

BY THE COURT:

MARIA M. CABRET
Associate Justice

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By: /s/ Reisha Corneiro**
    **Deputy Clerk**

**Dated: February 8, 2024**